## BRAYTON C. DAY v. TOLEDO, CANADA SOUTHERN & DETROIT RAILWAY COMPANY.

*Contributory negligence—Injury to brakeman—Liability to employee for negligence of fellow employees.*

An experienced brakeman was ordered by the conductor to attach a car loaded with lumber which projected forward and compelled him to stoop in making the coupling. In doing so, he delayed a little and his fingers were caught in the coupling-link and hurt. *Held* that he could not maintain an action against the railway company, as he fully understood the difficulty to be guarded against, and the conductor was not shown to have been in fault in any way.

·A brakeman cannot hold the company which employs him responsi-
, ble for the failure of fellow-servants to take peculiar precautions.

Error to Wayne.   Submitted Jan. 14.   Decided Jan. 20.

TRESPASS ON THE CASE.   Plaintiff brings error.

*Julian G. Dickinson* for plaintiff in error.   A railroad
company is bound to keep its cars in suitable, safe and
convenient condition for the uses of a brakeman's ordi-
nary employment, *Swoboda v. Ward*, 40 Mich., 420; *Smith
v. Chic. & St. P. Ry.*, 42 Wis., 525; *Wedgwood v. Chic.
& N. W. Ry.*, 44 Wis., 44; *Snow v. Housatonic R. R.*, 8
Allen, 441; it is a brakeman's duty to obey orders from
the conductor to couple cars, if the circumstances do
not interfere, *Walker v. Bolling*, 22 Ala., 294; *Berea Stone
Co. v. Kraft*, 31 Ohio St., 287; *C., C. & C. R. R. v. Keary*,
3 Ohio St., 201; *Pittsburgh, Ft. Wayne & C. Ry. v. De-
vinney*, 17 Ohio St., 197; *Cooper v. Mullins*, 30 Ga., 146;
he is subject to the conductor's orders though both are
serving the same employer, and if without his own fault
he is injured in the performance of his duty through the
gross neglect of the conductor, the company is liable,
*Thompson v. Hermann*, 47 Wis., 602; *Haynes v. E. Tenn.
·& Ga. Ry.*, 3 Coldw., 222; *Louisville & Nash. R. R. v.
Collins*, 2 Duvall (Ky.), 114.

*Frank H. Culver* and *Henry H. Swan* for defendant
in error.   The plaintiff in an action for negligence was
guilty of contributory negligence, if he discovered the
danger in time to avoid it, *Davis v. D. & M. R. R.*, 20
Mich., 125; *Kroy v. Chic. &c. R. R.*, 32 Ia., 357; *Ft.
Wayne, J. & S. R. R. v. Gildersleeve*, 33 Mich., 137;
Cooley on Torts, 564; conductors and brakemen are fel-
low servants, *Mobile &c. R. R. v. Thomas*, 42 Ala., 672;
*Wonder v. B. & O. R. R.*, 32 Md., 411; and it is im-
material that the one guilty of negligence has greater
responsibility, *Quincy Mining Co. v. Kitts*, 42 Mich., 34;
injury from coupling cars is a risk incidental to a brake-

man's employment, *Lyon v. Detroit &c. R. R.*, 31 Mich., 430; *Mich. Cent. R. R. v. Austin*, 40 Mich., 249; *Toledo &c. R. R. v. Black*, 88 Ill., 112.

CAMPBELL, J.    Day sued the railway company for injuries received in having his fingers' caught in coupling cars on a train of which he was brakeman.    The train was a freight train, and the car which he claims caused the damage had been brought a few miles from Grosse Isle to Wyandotte, and the plaintiff was unable to say that he had not himself originally attached it to the train. At Wyandotte a car was to be detached, and then the car in question, which was loaded with lumber, was ordered by the conductor to be recoupled to another car on the train.    The lumber is said by plaintiff to have projected forward more than usual, so as to make it necessary to stoop down to make the attachment, and while doing so plaintiff delayed a little and his fingers were caught in the coupling-link and hurt.

The court below very properly took the case from the jury.    The injury was from one of the risks incident to the occupation of plaintiff, and he knew better than the conductor or any one else the precise difficulty to be guarded against.    The conductor was not shown in any way to have been in fault, and it would be absurd to hold a corporation for imputed negligence, when no person except the plaintiff could have been actually guilty of it.    And it is very clear that a brakeman cannot hold the company responsible for the failure of any of his fellow servants on the train to take peculiar precautions, even if it could be seen what further care they could have taken.    Upon his own showing he was better informed than any of them.    He appears to have been an experienced brakeman, fully able to take care of himself.

The judgment must be affirmed with costs.

The other Justices concurred.