WILLIAM DUNLAP *vs.* BARNEY MANUFACTURING COMPANY.

Bristol.   October 24, 1888. — November 28, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Master and Servant — Negligence of Fellow Servant — Proper Tools and Appliances.*

A laborer employed by a mill corporation in its yard, a part of his duty being to assist its teamster, undertook with the teamster and another to lift on to a low truck some steps which were too heavy for three men to handle, for the purpose of moving them from one part of the premises to another; and the steps fell and injured him. There were at hand seven or eight other men, upon whom the teamster might have called for assistance, and all the tools and appliances necessary to move great weights. *Held*, in an action against the corporation to recover for the injuries, that the negligence, if any, which caused the injuries, was that of the plaintiff and fellow servants.

TORT for personal injuries sustained by the plaintiff while in the defendant's employment.   Writ dated July 18, 1887.

At the trial in the Superior Court, before *Staples*, J., the plaintiff introduced evidence tending to show that he was employed by the defendant as a general laborer in its mill-yard, a part of his duty being to assist the defendant's teamster, whose orders he had been told to obey; that on July 28, 1886, the day of the accident, the teamster, having been ordered by the defendant's superintendent to move some new steps from the carpenter's shop on the premises to the office door, directed his regular assistant and the plaintiff to help him; that the steps weighed from twelve hundred to fourteen hundred pounds, and four or five men had been necessary to carry a portion of them out of the shop; that the plaintiff, upon seeing the steps, remonstrated with the teamster for attempting to move them with only three men; that the teamster said that it must be done in accordance with the superintendent's orders, and the plaintiff replied that he was as willing as the rest to do his part; that there were no tools or appliances about there to lift the steps with; that the plaintiff had never had anything to do with lifting, managing, or setting steps before; that, after an ineffectual attempt, the three men lifted the steps in order to put

them on a low truck, when the teamster's assistant lost his hold and they fell upon the plaintiff, causing the injuries; that when the steps were subsequently moved, seven or eight men were found necessary for that purpose; and that after the accident the superintendent said that he did not expect that the teamster would attempt to move the steps with so few men, as there were plenty of men about to help him do the work.

The defendant introduced evidence, which was not contradicted, that the teamster, in loading and unloading his team, might, in addition to his regular assistant and the plaintiff, call upon eight other men in the employment of the defendant for assistance, all of whom, on the day of the accident, were within call, either in the yard or in the mill; and that there were at the same time on the premises tackle, rollers, bars, and all the other appliances necessary for the moving of heavy weights, belonging to the defendant and under the control of the teamster, which might have been used by him in handling the steps.

Upon this evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. M. Morton,* for the plaintiff.

*H. J. Fuller & H. K. Braley,* for the defendant.

MORTON, C. J.   The plaintiff was injured while attempting to move some heavy steps from one part of the defendant's premises to another. He and two other men, who were fellow servants with him in the employ of the defendant, undertook to lift the steps on to a low truck; they were too heavy to be handled by three men, and the plaintiff's ground of action is that the defendant failed to furnish a proper number of men, or suitable tools and implements, to perform the work. But there is no evidence of any such negligence on the part of the defendant. There is no evidence put in by the plaintiff to show that there was not a sufficient number of men about the premises who could have been called to aid in the work, or that there were not proper tools and implements which might have been used if needed. The evidence for the defendant, which was uncontradicted, showed that there were nine or ten men who might have been called to assist, and all tools and implements necessary to move great weights. The case proved is, that, the defendant having ordered that the steps should be moved, three

men who were fellow servants undertook to do it. If there was any danger in the work, it was obvious to the plaintiff and his fellow servants. If there was any negligence, it was the negligence of the plaintiff or of his fellow servants in not calling more men to assist, or in not making use of the tools and implements furnished by the defendant for such cases.

The court properly directed a verdict for the defendant. We may add, that the St. of 1887, c. 270, is not applicable, as the accident happened before it went into effect.

*Exceptions overruled.*