HARRY LOTHROP *vs.* FITCHBURG RAILROAD COMPANY.

Worcester.    September 30, 1889. — January 2, 1890.

Present: MORTON, C. J., FIELD, HOLMES, & KNOWLTON, JJ.

*Loss of Life — Master and Servant — Brakeman on Railroad — Due Care — Employers' Liability Act.*

A freight brakeman upon a railroad, being ordered generally by the conductor of a train to do the coupling as it was being made up about noon on a clear day, attempted to couple from the north side of the track two flat cars loaded with sticks of timber, which on that side dangerously projected towards each other beyond the ends of the cars, and, his head being caught between the ends of two of the timbers as the cars came together, he was instantly killed. He might have coupled them in safety either from the south side of the track where the timbers did not project, or by stooping down below the projecting timbers. *Held*, in an action against the railroad company under the St. of 1887, c. 270, § 2, for causing his death, that he was not in the exercise of due care within the meaning of § 1, and that the action could not be maintained.

FIELD, J.    This is an action brought against a railroad company under the St. of 1887, c. 270, § 2, by the next of kin of a brakeman who was employed by the defendant, and was instantly killed while engaged in shackling two cars loaded with lumber upon its railroad, to recover damages for causing his death.

The first question is, whether there was evidence for the jury

that the brakeman was "in the exercise of due care and diligence at the time," within the meaning of § 1 of that statute. The plaintiff offered to prove the following facts. The deceased was about twenty-two years old, and had been employed as a freight brakeman by the defendant from October 26, 1887, to the time of his death, which was on February 3, 1888. It was a part of his duty as freight brakeman to shackle and unshackle freight cars. Certain sticks of lumber, on two open flat freight cars standing on the same track upon the defendant's railroad about six feet apart, projected towards each other over the ends of the cars. The engineer in making up the train backed it with one of these cars attached at the rear until the car came in contact with the other, to which it was to be shackled by the deceased brakeman, and in making the shackling his head was caught between the ends of two of the projecting timbers, and he was instantly killed. This happened about noon on a clear day. "The deceased made this shackling from the north side of the track, which was the side on which he was working, and from which he had made the other shacklings on this train. Upon the south side of said cars the lumber did not project, and there was nothing to prevent the deceased from crossing over and making the shackling on that side." He was acting under the general orders of the conductor of the train to do the shackling on the cars standing on this track, but the conductor "gave him no special directions to make the particular shackling which caused the injury complained of, but such cars were a part of the cars standing on said track, and it was the duty of the deceased to do this particular shackling, under the aforesaid general orders of the conductor." The plaintiff's counsel admitted, at the request of the defendant, "that lumber and rails are frequently transported over railroads with ends projecting beyond the cars, that such is a dangerous way of loading, and that in such cases shackling must be and is made by the brakeman stooping down below the projecting timbers or rails. The deceased brakeman might have safely shackled these cars in that way." The judge presiding at the trial ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The general rule of law is, that when the danger is obvious, and is of such a nature that it can be appreciated and under-

stood by the servant as well as by the master, or by any one else, and, when the servant has as good an opportunity as the master or as any one else of seeing what the danger is, and is permitted to do his work in his own way, and can avoid the danger by the exercise of reasonable care, the servant cannot recover against the master for injuries received in consequence of the condition of things which constituted the danger. If the servant is injured, it is from his own want of care. *Williams* v. *Churchill*, 137 Mass. 243. *Moulton* v. *Gage*, 138 Mass. 390. *Leary* v. *Boston & Albany Railroad*, 139 Mass. 580. *Russell* v. *Tillotson*, 140 Mass. 201. *Haley* v. *Case*, 142 Mass. 316. *Linch* v. *Sagamore Manuf. Co.* 143 Mass. 206. *Ciriack* v. *Merchants' Woolen Co.* 146 Mass. 182. *Scanlon* v. *Boston & Albany Railroad*, 147 Mass. 484. *Wood* v. *Locke*, 147 Mass. 604. *Dunlap* v. *Barney Manuf. Co.* 148 Mass. 51. *Crowley* v. *Pacific Mills*, 148 Mass. 228. *Probert* v. *Phipps*, 149 Mass. 258.

This rule is especially applicable when the danger does not arise from the defective condition of the permanent ways, works, or machinery of the master, but from the manner in which these are used, and when the existence of the danger could not well be anticipated, but must be ascertained by observation at the time.

We are of opinion that this case falls within this rule. The nature of the danger was such that a brakeman accustomed to shackle freight cars must have understood it. It was obvious, and he was more likely to know exactly what it was, and how it was to be avoided, than any one else. He was permitted to do the shackling from either side of the track, and in any manner he chose.

It cannot be considered as necessarily negligent for a railroad company to transport lumber in the manner shown in this case. The utmost that can be urged is, that the company should have given notice to a brakeman, when cars are loaded in this manner; but this cannot be necessary when it is broad daylight and the thing speaks for itself. *Day* v. *Toledo, Canada Southern & Detroit Railway,* 42 Mich. 523. *Hathaway* v. *Michigan Central Railroad*, 51 Mich. 253. *Northern Central Railway* v. *Husson,* 101 Penn. St. 1. *Louisville & Nashville Railroad* v. *Gower,* 85 Tenn. 465. *Scott* v. *Oregon Railway & Navigation Co.* 14 Oregon, 211. See *Walsh* v. *Whiteley*, 21 Q. B. D. 371; *Yar-*

*mouth* v. *France*, 19 Q. B. D. 647 ; *Thomas* v. *Quartermaine*, 18 Q. B. D. 685.

It is unnecessary to consider whether the facts stated tended to prove a case within the statute, if the deceased had been in the exercise of due care.            *Exceptions overruled.*

*H. C. Hartwell,* for the plaintiff.

*G. A. Torrey,* for the defendant.