THEOPHILE DE LISLE vs. WILLIAM H. WARD.

· Middlesex.　March 3, 1897. — June 15, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Negligence — Trial.*

In an action for personal injuries received by the plaintiff, while in the defendant's employ, from the blow of a swinging log, which was being hoisted from the ground with a pile-driver, near which the plaintiff was at work, no exception lies to the refusal to allow his counsel, in his argument, to appeal to the common knowledge and experience of the jury concerning the use of a guy rope, and to argue that it was gross carelessness on the defendant's part not to use such a rope to steady the log at the time of the accident; the testimony of witnesses called by the plaintiff to prove that it was customary to use a guy rope under similar circumstances not having been admitted, because they failed to qualify as experts.

TORT, for personal injuries received by the plaintiff, while in the defendant's employ, from the blow of a swinging log. At the trial in the Superior Court, before *Sherman*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*W. H. Bent*, for the plaintiff.

*J. C. Burke*, for the defendant.

BARKER, J. The plaintiff was at work between two piles of logs upon the bank of an excavation in which stood a pile-driver, which was some forty feet high, the bottom of the excavation being fourteen or sixteen feet lower than the top of the bank. When there was occasion to use one of the logs, a rope, running over a pulley at the top of the pile-driver, was fastened to the butt of the log, and the log drawn from its place by winding the rope upon a drum. The butt of a log so drawn from one of the piles between which the plaintiff was at work struck the pile-driver, and the smaller end of the log swung around and broke the plaintiff's leg.

The only exception is to the refusal to allow the plaintiff's counsel to argue that it was negligence on the part of the defendant that no guy rope was used to steady the log.

In opening, the plaintiff's counsel said that he should show

that it was customary to use a guy rope under circumstances like those existing when the accident happened ; but when he called witnesses to show this, they failed to qualify as experts, and did not testify upon the subject; but it did appear from the evidence that sometimes, under some circumstances, a guy rope was used in hoisting logs with a pile-driver. At the close of the evidence the court asked the plaintiff's attorney upon what evidence of negligence on the part of the defendant the plaintiff relied, and the attorney stated that, among other things, he proposed to appeal to the common knowledge and experience of the jury concerning the use of a guy rope, and to argue that it was gross carelessness not to have used one at the time of the accident. The court refused to allow such an argument to be made, and the exception was to that refusal.

The plaintiff contends that the refusal was practically a ruling that the question whether it was negligence on the part of the defendant not to use a guy rope was not for the consideration of the jury. The case went to the jury only upon the question whether it was negligence on the part of the defendant's superintendent to give the order to hoist the log before the plaintiff got out of the way, and the jury found a verdict for the defendant.

If the necessity of using a guy rope in circumstances like those which existed at the time of the accident was a matter of common knowledge, or " presumed to be within the common experience of all men of common education moving in the ordinary walks of life," then the plaintiff from that common experience, as well as from his actual knowledge of the place and the work in which he was engaged, must have understood and appreciated the danger of being struck by a swinging log hoisted without being controlled by a guy rope, and he cannot impute the failure to use one to the defendant as an actionable fault, because he was himself careless in working exposed to the obvious risk, or because he accepted that risk. On the other hand, if the necessity for a guy rope was not a matter of common knowledge, the plaintiff could not be allowed to argue it to the jury, for the reason that the witnesses whom he called to testify that it was customary to use a guy rope under similar circumstances, having failed to qualify as experts, did not testify on that subject. The

bill of exceptions does not show on what ground the ruling was put by the presiding judge, but in either view of the case it seems to have been right.                    *Exceptions overruled.*