## STEWART v. FERGUSON.

(Supreme Court, Appellate Division, First Department. October 20, 1899.)

1. MASTER AND SERVANT—SAFE SCAFFOLDING—DUTY OF MASTER.

Under Laws 1897, c. 415, providing that any person employing or directing another to perform labor of any kind in the erection of a building shall not furnish unsafe scaffolding, the duty of the master to furnish safe scaffolding on which an employé is to work is imperative, and he cannot discharge himself of liability by showing that it was put up by fellow servants of the injured employé.

2. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.

In an action for negligence causing the death of plaintiff's intestate by reason of the fall of an insecure scaffold erected by defendant, as master, there was evidence that decedent helped in the construction of the scaffold; that it fell through defective bracing; and that decedent knew its condition and construction. Defendant requested the instruction that if the scaffold fell because of defective bracing, and decedent helped in the erection of that part of the scaffold which fell, and was fully acquainted with its construction, plaintiff could not recover. *Held*, that it was error to refuse the instruction.

Appeal from trial term, New York county.

Action by Thomas C. Stewart, as administrator of the goods, chattels, and credits of Andrew C. Stewart, deceased, against John W. Ferguson, for negligence causing the death of plaintiff's intestate. From a judgment in favor of plaintiff and an order denying motion for new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and O'BRIEN, JJ.

John V. Bouvier, for appellant.
Edward P. Lyon, for respondent.

PATTERSON, J.   On the former appeal in this action it was held by this court (34 App. Div. 515, 54 N. Y. Supp. 615) that since the enactment of the labor law (chapter 415, Laws 1897) a scaffold used by workmen in a building is to be regarded as a place furnished by the master upon which the servant is to work, and that the duty is devolved upon the master not to permit such place to be unsafe, unsuitable, or improper, and that a servant of a master, in erecting the scaffold, acts as the master himself.   The duty imposed by the statute upon the master of furnishing a safe and proper scaffolding upon which an employé is to do his work is imperative.   He is responsible for the safety of the appliance, and cannot discharge himself of liability simply by showing that it was put up by fellow servants of an injured employé.   On the trial under review the insufficiency of the scaffold to bear the weight imposed upon it, and its consequent insecurity, was shown in the proofs; but a question is raised respecting the contributory negligence of the decedent which comes before us in a somewhat different aspect from that in which it was presented on the former appeal, and in respect of which there is a manifest error appearing on the present record in the refusal of the court to charge a request of the defendant.   There was evidence tending to show that the plaintiff's intestate helped in the construction of the scaffold; that the cause of its fall was defective bracing; that the decedent knew of its condition, and of the manner of its construction.   The witness Green testified that the plaintiff's intestate helped to put the braces upon the scaffold, and there was also proof tending to show that the decedent was present during the whole time the portion of the scaffold that fell was being built, and that the decedent observed what was done in connection with the construction of the scaffold, and that he could plainly see the condition of the scaffold when he went to work upon it; and there is also testimony to the effect that the decedent was acquainted with the construction of such scaffolding, and had been accustomed to "seeing to" the scaffolding upon which bricklayers worked for some two years before he went into the employment of the defendant.   On this testimony the counsel for the defendant asked the court to charge that, "if the jury believed that the scaffold fell because of defective bracing, and also believed that Stewart, the decedent, assisted in the erection of that part of the scaffold which fell, and observed and was fully acquainted with the details of its construction, plaintiff could not recover."   This request was refused, and the defendant excepted.   The defendant was plainly entitled to the request.   The error in refusing it is not cured by anything contained in the charge of the learned judge to the jury.   The whole subject-matter of the request is not charged, either directly or in substance.   We have scrutinized the charge with care, to see if all these elements were presented to the jury in such a way as to authorize us to say that the matters embraced in the request were called to the attention of the jury; but they were not.   The learned counsel for the respondent stated on the

argument that he did not know that this particular request was submitted to the court, and that, had he known it, he would not have objected, but would have concurred in the instruction being given to the jury. It may be very unfortunate that he is so situated, and it certainly is without any fault on his part. We have nothing before us but what appears in the record, viz. that the request was made, and an express exception taken to the refusal. The defendant was entitled to the instruction, and the refusal to give it is fatal error.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.