[No. 2148.]

FLOYD v. THE COLORADO FUEL AND IRON COMPANY.

1. **Negligence—Master and Servant—Safe Appliances.**

It is the duty of a master to exercise reasonable care in providing the servant proper machinery and appliances and in fit condition for use, for the performance of the work required of him, but where the master has provided upon the premises and within reach of his servant suitable appliances, he is not liable for injuries to the servant caused by his failure to use the appliances furnished.

2. **Same—Fellow Servant—Assumption of Risk.**

Plaintiff had charge of the cupolas of the converting department of defendant's iron works. D. had charge of the machinery of the same department. Each had men under him but neither was under or subject to the order of the other, both being subject to orders of the superintendent. The superintendent ordered plaintiff to take his men and replace a runner that had burned out with a new one, and was told by plaintiff that it could not safely be done without a block and fall, whereupon the superintendent said he would send D. with the block and fall, and directed plaintiff to assist him in replacing the runner. Shortly afterwards D. appeared without the block and fall and upon being asked by plaintiff where it was answered that it was down in the engine room but that he was in a hurry and had not time to get it, and directed plaintiff to proceed without it. In attempting to replace the runner without the block and fall plaintiff was injured. Held, that plaintiff took his own chances in following the directions of D. and voluntarily assumed the risk of injury incident to the attempt to replace the runner without the block and fall, and defendant was not liable for such injury.

*Error to the District Court of Pueblo County.*

Mr. CHAS. E. GAST and Mr. HENRY A. DUBBS, for plaintiff in error.

Mr. D. C. BEAMAN and Mr. JOHN M. WALDRON, for defendant in error.

THOMSON, J.

The plaintiff in error was plaintiff, and the defendant in error, defendant, below. The complaint

alleged that on the 6th day of June, 1893, the plaintiff was in the employ of the defendant·in the converting department of the defendant's works, and had charge, with others, during his working hours, of the practical operation of melting the iron in the cupolas preparatory to its conversion into steal; that each of the cupolas was fitted with a device called a runner, which was used for the purpose of carrying off the slag or refuse material forming in the cupolas during the process of melting the iron; that during the night of June 5, 1893, while the plaintiff was not on duty, the runner used in connection with one of the cupolas burned out, and was so rendered useless; that when the plaintiff went upon duty on the morning of the 6th, he was ordered by the superintendent of the converting department immediately to replace the burned-out runner with a new one; that because of the great weight of the runner and of the difficulty in handling it, the work could not safely and properly be done without a block and tackle; that the plaintiff requested the superintendent to furnish him with a block and tackle for the purpose of the work; that the superintendent neglected so to do, but ordered the plaintiff, and three others working with him, to put the runner in place without the aid of a block and tackle; that the plaintiff was inexperienced in such work, and did not realize its hazard and danger; that while he was in the act of lowering the runner, it became overbalanced because of its weight, and fell, catching his feet, and inflicting severe and permanent injuries; and that the accident was due to no fault or carelessness on his part.

The answer denied that the superintendent ordered the plaintiff to replace the runner; denied that the runner could not be safely and properly handled without a block and tackle; denied that the defendant was guilty of any negligence in failing to provide the

plaintiff with apparatus to do the work; denied that the runner fell because of its great weight; denied that the plaintiff was inexperienced in such work, or did not realize its danger; and averred that the injuries of which the plaintiff complained were sustained solely in consequence of the plaintiff's own negligence or that of his fellow-servant.

The fact of the injury sustained by the plaintiff, and the manner in which it was received, were proved as alleged. The plaintiff testified that at the time of the accident, he was employed in the cupolas of the converting mill, and had three men under him. That he had been in the employ of the defendant in different capacities for a number of years; that on the morning of the accident he was ordered by Mr. Crow, the superintendent of the converting department, to take his men and replace a runner which had been burned out and rendered useless, with a new one; that he replied, "We can't handle that runner without a block and fall," and that Mr. Crow then said, "I will send Douglas up after a while, and I want you to take the men and help put that runner in; I will send him up with a block and fall;" that Douglas was the man who had charge of the machinery in the converting department; that a short time afterwards, Douglas appeared without the block and fall, and said to the plaintiff, "Get your men, and we will put in that runner while the mill is idle;" that plaintiff then asked him where the block and fall was; that Douglas replied, "I haven't got one; it is down in the engine-room, and we are in a hurry, and I haven't got time to get one. There is no danger in putting it in this way;" that thereupon the plaintiff and his men undertook to lift the runner and put it in place without the aid of a block and fall; that this runner weighed seven hundred pounds or over; that he had not had much previous experience in such work, al-

though he had, once before, using a block and fall, assisted in putting in a runner, weighing about four hundred pounds, at another cupola. The superintendent testified that he instructed Douglas to take his own men, and a block and fall, to the spot, and put in the runner.

It is contended for the plaintiff that it was the duty of the defendant to provide the men with a block and fall at the place where the work was to be done. Unquestionably, as a general rule, it is the duty of the master to exercise reasonable care in providing the servant with proper machinery and appliances for the performance of the work required of him, and in a fit condition for use; the master's failure to do so is not one of the hazards which the servant risks in entering the employment; and, as to such duty, the negligence of a servant, whether of high or low degree, to whom its performance is intrusted, is imputed to the master.—*Hough v. Railway Co.*, 100 U. S. 213; *Railroad Co. v. Herbert,* 116 U. S. 642; *Railroad Co. v. Sipes,* 26 Colo. 17.

But in this case it appears that the defendant had provided upon the premises, for the purposes of such work as that in which the plaintiff received his injury, an appliance called a block and fall, or block and tackle, and that such appliance was the proper instrumentality to be employed in managing and adjusting the runner; and it does not appear but that this appliance was in fit condition for use. It was, evidently, a portable instrument, intended to be carried from place to place in the works, as occasion might require. Mr. Douglas was ordered by the superintendent to take the block and fall and use it in handling the runner, but he disobeyed the order. Now, when, for the purposes of the work required of his employees, the master has provided upon the premises, and within their reach,

suitable implements and appliances, in suitable condition, he has, in such regard, discharged his full duty toward them, and he is not responsible for their neglect to employ the instruments he has provided. Having those instruments at hand, they take their own chances upon the consequences of failing to use them.—*McAndrews v. Burns,* 39 N. J. L. 117; *McLaughlin v. Iron Works,* 60 N. J. L. 557; *Dunlap v. Manufacturing Co.,* 148 Mass. 51; *Clark v. Riter-Conley Co.,* 57 N. Y. Supp. 755; *Railway Co. v. Needham,* 63 Fed. 107.

The defendant had furnished the proper appliance for putting the runner in place; it was within reach, and could have been used; and that it was not used, was not the fault of the defendant.

But counsel say that the plaintiff was acting in obedience to an order given him by his superior, and accompanied by an assurance of safety; and that unless the danger connected with the work was obvious —and counsel contend it was not—the defendant must respond in damages for the injury. The rule to which reference is had is thus stated in *Railway Co. v. O'Brien,* 16 Colo. 219:

"A servant is generally excusable for obeying orders in and about his master's business when such orders are given by one in authority over him as a representative of the master, unless the danger to be incurred by such obedience is so plain and manifest that no prudent person would obey even under the penalty of being discharged from employment."

We do not think the rule can be held applicable to the facts of this case. We think it quite clear from the evidence that Douglas was not the plaintiff's superior, and had no authority to command him. Douglas had charge of the machinery of the converting department, and the plaintiff had charge of the cupolas pertaining to the same department; each had

men under him, but neither was under the other. Both seem to have been subject to the orders of the superintendent. Accordingly, we find that the superintendent ordered Douglas to replace the damaged runner, and ordered the plaintiff to assist him. The only order the plaintiff was bound to regard, was that given him by the superintendent. Now, the superintendent did not order him to undertake the work without a block and fall. The plaintiff evidently realized that such apparatus was necessary, for when the superintendent first spoke to him concerning the runner, he said it could not be handled without a block and fall. The superintendent then informed him that one would be provided—that he would send it with Douglas; and the plaintiff understood that a block and fall was to be used, for when Douglas came he asked him where it was. When, in the absence of that appliance, he undertook to handle the runner, he was not proceeding in obedience to the order of the superintendent; and in heeding the direction and assurance of Douglas, he voluntarily assumed the risk of injury. However excusable he might have been, if he had obeyed an order of the superintendent to proceed as he did, he took his own chances in following the direction of Douglas, who was merely his fellow-servant, with no authority over him.

There was no question for the jury to pass upon, and a verdict for the defendant was properly directed.

The judgment will be affirmed.          *Affirmed.*