ALEXANDER SAMPSON *vs.* FREDERICK HOLBROOK & others.

Middlesex.    December 13, 14, 1905. — June 21, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence,* Employer's liability.

An experienced carpenter, who for a long time has been used to handling heavy timbers with a derrick and who is employed with others under the orders of a superintendent in moving by means of a derrick a pile of timber which has been left as it was when unloaded, need not be instructed or warned that if while one of the timbers is being moved by the derrick it swings around and hits the pile another of the timbers may fall, and assumes the obvious risk of an injury from such a cause.

TORT for personal injuries sustained while the plaintiff was in the defendants' employ as a carpenter.  Writ dated June 20, 1902.

At the trial in the Superior Court before *Mason,* C. J. it appeared that at the date of the accident, which occurred on April 4, 1902, the defendants were engaged in rebuilding Lincoln Wharf in Boston; that one Logan was the general superintendent in charge; and that there were employed upon the work over fifty or sixty men; that the plaintiff was hired by Logan and went into the employ of the defendants as a carpenter on or about March 1, 1902 ; that on the night before the accident just as the men were quitting work Logan told one Landry that there was a load of lumber out in the yard and directed him to take it in in the morning.  The happening of the accident is described in the opinion.

At the close of the plaintiff's evidence, the Chief Justice ruled that upon all the evidence the plaintiff was not entitled to recover, and ordered a verdict for the defendants.  The plaintiff alleged exceptions, which after the death of *Mason,* C. J. were allowed by *Fessenden,* J.

*F. J. Carney,* for the plaintiff.

*W. H. Hitchcock,* for the defendants.

MORTON, J.  The evidence would have warranted a finding that Landry was a person whose sole or principal duty at the

time of the accident was that of superintendence. But there was nothing to warrant, we think, a finding that the accident was due to any negligence on his part, or that of the general superintendent, or of the defendants.

On the night before the accident Landry had been directed by Logan, the general superintendent, to take in, in the morning, a load of lumber that was out in the yard. The lumber consisted of seven sticks of hard pine, twenty-five to thirty feet long and twelve inches square, piled just as it had been left when unloaded. In the morning Landry took four or five men, including the plaintiff, and, with an engineer to run the derrick, proceeded to move the timber. He directed some of the men, of whom the plaintiff was one, to hook on to one of the sticks, which they did, and then he " told the engineer to go ahead, and we swung it around a little ways." When it got " a little ways " he had them move the hooks back so as to give a chance to pull the whole stick round, and, when one of the men, Bennett, said " all right," Landry told the engineer to go ahead. The stick swung toward a building and the plaintiff, who was on the inside between the stick and the building, jumped over the stick to keep from being caught between it and the building and was up against the pile when one end of the stick struck the building and the other end swung around against the pile causing one of the timbers to fall and break his leg. The plaintiff was a carpenter and testified that he thoroughly knew the business and that he " had for a long time been used to handling heavy timbers with a derrick." There was nothing in the situation that was not as obvious to him as it was to Landry. He required no instruction or warning from Landry, or any one else. If the timbers were not piled as they should have been it was as plain to him as to any one. He and the men who were with him did in their own way the work which they were directed to do, and it cannot be said that there was anything negligent in the way in which Landry undertook to move the timber or that he did or omitted to do anything which in view of the plaintiff's experience he ought or ought not to have done. The timber was to be moved as it was piled, and the danger that one of the sticks might fall was, we think, an obvious risk incident to the employment and as such was assumed by the plaintiff. See *Campbell*

v. *Dearborn*, 175 Mass. 183; *Allard* v. *Hildreth*, 173 Mass. 26 ; *Thompson* v. *Norman Paper Co.* 169 Mass. 416 ; *DeLisle* v. *Ward*, 168 Mass. 579 ; *Lothrop* v. *Fitchburg Railroad*, 150 Mass. 423.

*Exceptions overruled.*