PATRICK LAVELLE vs. DUNN-GREEN LEATHER COMPANY.

Middlesex.    January 18, 1907. — February 27, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.

If a workman, employed in a tannery as a helper under a carpenter, who previously
    has worked for the same employer in the vats of another tannery for twenty-
    five years, is told by the carpenter to cover over an old tanning vat which has
    not been in use for fourteen years, his only instructions being to get two string-
    ers, put them in and nail new planks to them, and proceeds to lay two new
    stringers next to two old rotten planks which already are across the top of the
    vat and to spike them laterally to the old planks without providing further
    support, and then steps on one of the stringers which gives way, and he falls
    into the vat and is injured, his injuries are the result of his own negligence and
    his employer is not liable.

If a workman employed in a tannery as a helper under a carpenter is set to work
    to do an ordinary piece of carpentering in his own way, and does it in a negligent
    way by "toe-nailing" new stringers to old rotten planks, and the carpenter
    under whom he works comes along and says "those are nailed all right," and
    afterwards the helper steps on one of the stringers which gives way and he falls
    into a vat below and is injured, in an action against his employer for the injuries
    he cannot rely on the words of the carpenter as an assurance of safety, as he
    knew of the defect and the carpenter did not.

TORT for personal injuries sustained while in the employ of
the defendant on October 13, 1904, in the manner described in
the opinion.    Writ dated November 18, 1904.

In the Superior Court *Hitchcock,* J. ordered a verdict for the
defendant; and the plaintiff alleged exceptions.

*J. J. Shaughnessy,* for the plaintiff. ·

*G. McC. Sargent,* (*J. Lowell* with him,) for the defendant.

LORING, J.    The evidence in this case was very meagre.
The plaintiff at the time here in question was in the defendant's
employment as a helper under the defendant's carpenter, Falkner
by name.    Falkner told the plaintiff to cover over an old tanning
vat which had not been in use for fourteen years.    The plaintiff
had worked for the defendant in its vats in another factory for
twenty-five years next before July, 1903.    He was away for a
year, and came back on July 11, 1904.    At first he was set to
work in the vats as before, and three or four weeks before this

accident (which was on October 13, 1904) he was put to work under the carpenter. The plaintiff testified that the only instructions given to him were to get two stringers, put them in and nail new planks on to them. What he did, according to his own story, was to lay the stringers next to two old, rotten planks already across the vat, and then to " toe-nail " the stringers on to the old planks, that is to say, to spike them to the old planks by driving spikes diagonally through the upper side of the stringers and the lower side of the old planks. Without providing further support for them, he stepped on one of these stringers; it gave way, and he fell into the vat and suffered the injuries here complained of. An examination made after the accident showed that the old plank was rotten, and that the triangular portion below the spikes had come away from the rest of the old plank.

The plaintiff also testified that after he had nailed the stringers to the old planks Falkner " came along " and said, " Those are nailed all right "; " put the planks on them and spike them together."

On this evidence the judge directed a verdict for the defendant.

In our opinion the judge was right.

The plaintiff was set to work to do an ordinary piece of carpentering in his own way. He did it in a grossly negligent way and was injured by reason of that negligence.

He has not brought himself within *Burgess* v. *Davis Sulphur Ore Co.* 165 Mass. 71, and *Millard* v. *West End Street Railway,* 173 Mass. 512. In those cases it was shown that the superintendent knew about the defect in question and that the plaintiff did not; while here the plaintiff knew and the superintendent did not. There was no evidence here that the carpenter made any examination of the way the stringers had been supported by the plaintiff. The evidence did not show a case where the plaintiff had a right to rely on an assurance of safety given by his superintendent. See in this connection *Whittaker* v. *Bent,* 167 Mass. 588.

The old planks were not a defect in the ways, works and machinery, as was the case in *Foster* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 21, and in *Huddleston* v. *Lowell*

*Machine Shop*, 106 Mass. 282, the other cases mainly relied on by the plaintiff, but it was a part of the thing the plaintiff was set to work to repair in his own way.

A man who has worked in a tannery for over twenty-five years, although not as a carpenter, cannot be so inexperienced as to be in the need of instructions when set to do such a piece of carpentering work as that here in question, or to be in need of a warning not to do what he did.

We have examined the other cases cited by the plaintiff and find nothing in them which supports his right to maintain this action.

*Exceptions overruled.*