## JOHN B. COOK *vs.* ENTERPRISE TRANSPORTATION COMPANY.

Bristol.   October 28, 1907. — December 31, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Exceptions, Offer of proof.   *Custom.*

An exception to the exclusion of a question to a witness cannot be sustained unless the bill of exceptions shows that the substance of the evidence which was expected in reply was stated to the presiding judge and unless upon such statement it appears that the excepting party was harmed by the exclusion.

In an action against a navigation company for the alleged breach of an express contract to hire the plaintiff for one year as a steamboat captain at a salary of $1,500 a year, where the defendant did not deny the hiring of the plaintiff but alleged that he was hired for an indefinite period and was discharged in accordance with the terms of the contract, the defendant, having called its general manager as a witness, asked him, " What is the custom in steamship circles with regard to hiring of men ? "   The judge excluded the question, whereupon the defendant's counsel said, " It seems to me, where the contract is very ambiguous as to time, that any evidence of a custom in hiring for a certain time is relevant."   The judge still excluded the question.   *Held,* that, even if the statement of the defendant's counsel amounted to an offer of proof, the exclusion of the evidence did not appear to have injured the defendant, as the statement apparently referred to a custom of hiring for a certain time and not for an indefinite period,

which would tend to support the plaintiff's view of the contract rather than that of the defendant, so that the exclusion of the evidence could not have harmed the defendant.

In an action against a navigation company for the alleged breach of an express contract to hire the plaintiff for one year as a steamboat captain at a salary of $1,500 a year, where the defendant did not deny the hiring of the plaintiff but alleged that he was hired for an indefinite period and was discharged in accordance with the terms of the contract, the defendant asked a witness, "Do you know what the custom is in [the port where the contract was made] with regard to hiring captains and officers of steamboats?" The presiding judge excluded this question and the defendant excepted. The defendant then asked the witness "Do you know whether there is a custom which would be known generally to people employing officers of steamship companies?" This was excluded but the defendant did not except. The defendant's counsel said, "I offer this in evidence, first, as being the custom, showing the intention of the parties at the time this contract was made, and also as being corroborative of [the defendant's general manager's] statement that there was no contract." *Held,* that as the first question was accompanied by no offer of proof the exception to its exclusion must be overruled, and to the second question, respecting which an offer was made, no exception was taken, so that no question of law was before this court, but *it was said* that, even if the rights of the defendant had been saved fully, the offer of proof as to a custom was too general and indefinite to be of any aid in dealing with the issues on trial.

CONTRACT, with a declaration as follows: "And the plaintiff says that he made an agreement with the defendant corporation to work for it as a steamboat captain for the term of one year beginning the thirty-first day of May, 1905, at a salary of $1,500 per year; that the defendant nevertheless refused to perform its said agreement and refused to employ the plaintiff or to pay him any part of his salary, and repudiated said agreement; that the plaintiff has always held himself in readiness to complete and perform his said agreement and has been unable to obtain any other employment; and that the defendant owes him the sum of $1,500 on account of said agreement and the breach thereof." Writ dated March 23, 1906.

In the Superior Court the case was tried before *Dana,* J. The answer was a general denial. The defendant's counsel in opening said that the plaintiff under the declaration could not recover, unless the jury found that there was a hiring of the plaintiff by the defendant for a year at a salary of $1,500 for such year; that there was no such hiring; that the hiring was for an indefinite period; that the defendant had the right to discharge the plaintiff at any time; that the defendant had discharged the plaintiff shortly after the time of the hiring; and that the

plaintiff could recover under any form of declaration only for such services as were rendered by him up to the date of his discharge.

The rulings of the judge in regard to the exclusion of certain evidence offered by the defendant are stated in the opinion.

The judge, in the course of his charge to the jury, to which no exception was taken, gave the following instruction :

" I do not understand that there is any contention on the part of the defendant that no contract was made ; I understand the defendant to admit that there was a contract between the plaintiff and the defendant, but the defendant says that the contract made between the plaintiff and the defendant was not the contract set out in the plaintiff's declaration, and in order for the plaintiff to recover in this case you must find that the contract was the contract set out in the plaintiff's declaration.  By the terms of that declaration, as I have said, the plaintiff alleges that the contract was a hiring for a salary of $1,500 a year, and a hiring for a year.  The defendant says that the term of service was indefinite ; that there was no fixed time.  If you find upon all the evidence that there was a contract for a fixed period, the plaintiff would be entitled to recover ; and if you find, on the other hand, that there was no contract for a fixed period, then the plaintiff on this declaration would not be entitled to recover."

The jury returned a verdict for the plaintiff in the sum of $1,275 ; and the defendant alleged exceptions.

*G. E. Daniels*, for the defendant.

*C. R. Cummings*, (*J. W. Cummings & J. Little* with him,) for the plaintiff.

Rugg, J. The plaintiff seeks to recover for breach of an express, oral contract to employ him as captain of a steamboat for one year, at a salary of $1,500.  The plaintiff introduced evidence tending to support his contention.  The defendant's exceptions relate solely to evidence.  One Brady, the vice-president and general manager of the defendant, was asked, " What is the custom in steamship circles with regard to hiring of men ? "  This inquiry was excluded upon objection, whereupon the defendant's attorney said, " It seems to me, where the contract is very ambiguous as to the time, that any evidence of a custom in hiring for a cer-

tain time is relevant." To this the judge replied, " The plaintiff says that the defendant did hire him for a certain length of time and the defendant says that it did not and that presents an issue on a question of fact. I should exclude it." Of one Brown, the defendant inquired, " I should like to ask you what the custom was in steamship circles about hiring." This question was excluded and the defendant excepted. When another witness, one Trainor, was on the stand, this occurred: He was asked by defendant's attorney, " Do you know what the custom is . . . in Fall River with regard to hiring captains and officers of steamboats ? " Upon objection, this was excluded and exception was taken, the judge remarking, " Yes, this is the same question you have asked before." The next question was, " Do you know whether there is a custom which would be known generally to people employing officers of steamship companies ? " This was excluded upon objection, but no exception was taken to the ruling, although the attorney then remarked, " I offer this in evidence, first, as being the custom, showing the intention of the parties at the time this contract was made, and also as being corroborative of Mr. Brady's statement that there was no contract."

It is a familiar rule of practice that ordinarily no exception can be sustained to a refusal to permit a question to be put unless the substance of the evidence which is expected in reply is stated to the court. *Warren* v. *Spencer Water Co.* 143 Mass. 155. Unless this is done, the record is bare of any indication that harm was done by the ruling.

As to the first inquiry excluded, the statement of defendant's counsel hardly amounted to an offer of proof. But if what occurred be treated as an offer of proof, the exclusion does not appear to have injured the defendant. Its defence, as revealed by the record, appears to have been, not that no contract whatsoever was made, but that a different contract was made from that alleged by the plaintiff. The plaintiff contended that a definite contract for the fixed term of one year was made, while the defendant asserted that the hiring was for an indefinite time. The statement of the defendant's attorney was apparently of a custom of hiring for a certain time and not for an indefinite period, which would tend to support the plaintiff's view rather than that

of the defendant. Therefore, its exclusion cannot have wrought any wrong to it. No offer of proof purports to have been made respecting the excluded question to Brown, so that the exception to this ruling must be overruled. As to the excluded questions addressed to Trainor, where exception was taken, no offer of proof was made, so the exception must be overruled, while, as to the inquiry respecting which an offer was made, no exception was saved; hence no question of law is before us. But even if the rights of the defendant had been fully saved, the offer, as to a custom, was too general and indefinite to be of any aid in passing upon the issues raised. It was not enough confined in substantial respects to bear upon the issues on trial.

*Exceptions overruled.*