TOUSSAINT BOISVERT *vs.* EDWARD D. WARD.

Worcester.   September 28, 1908. — October 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence*, Employer's liability.   *Practice, Civil*, Exceptions, Order of evidence. *Evidence*, Opinion: experts.

If a journeyman carpenter of twenty years' experience applies for work to a contractor who is engaged in tearing down the roof of an old building to make room for a new structure, the carpenter having never before worked at tearing down a roof but this fact being unknown to the contractor, and is set to work at once on the roof, being given an iron bar and told to rip off the boards and throw them in a certain place and then to take down the rafters, and if while proceeding about this work in his own way he steps on a rafter which proves to be rotten and breaks, and he falls through the roof and is injured, and if it appears that the rafters were painted on the sides and bottom so that the natural wood could be seen only as the boards were taken off the top, and that the place where the rafter broke was exposed by other workmen who had preceded this carpenter in the work and was open to sight, the carpenter cannot recover from his employer for his injuries, he having assumed the risk of such an accident when he entered the employ of the contractor to assist in tearing down the old roof.

An exception to the exclusion of a question to a witness cannot be sustained unless it appears by the bill of exceptions that the answer to the question would have been material and that the excepting party has suffered injury by its exclusion.

The order in which the evidence at a trial shall be admitted is within the discretion of the presiding judge and a ruling in regard to it is not the subject of exception.

The exclusion of a question to a witness is not the subject of exception if the next question put to the witness was in substance the same and was allowed to be answered.

In an action by a carpenter employed by a contractor to assist in tearing down an old roof, for personal injuries from a fall caused by the plaintiff stepping on one of the rafters of the old roof which proved to be rotten, an expert witness, who has described the building and the roof, cannot be asked whether he "would have reason to expect that there may have been leaks in that roof or some part of it," it being a matter of common knowledge that old roofs are likely to leak and that the natural result of water leaking through a roof is to produce decay.

In an action by a carpenter employed by a contractor to assist in tearing down an old roof, for personal injuries from a fall caused by the plaintiff stepping on one of the rafters of the old roof which proved to be rotten, an expert witness, after the attendant conditions of the accident have been shown, cannot be asked whether in his opinion the plaintiff "was proceeding in the usual and ordinary way to do" his work, this, in the case of work so simple in its character, being a question for the jury, who are to pass upon the issue whether the plaintiff was using ordinary care, and in doing so are to determine what common prudence required under the circumstances.

TORT for personal injuries incurred on December 28, 1906, while in the employ of the defendant from falling through the roof of a building by reason of the breaking of a rotten rafter on which the plaintiff stepped in the course of his work. Writ dated January 19, 1907.

In the Superior Court the case was tried before *King*, J. The facts which appeared by the plaintiff's evidence are stated in the opinion. The defendant offered no evidence, and asked the judge to rule that there was not sufficient evidence to warrant a finding for the plaintiff. The judge so ruled, and ordered a verdict for the defendant. The plaintiff alleged exceptions, including certain exceptions to the exclusion of evidence which are described in the opinion.

*M. M. Taylor*, (*V. E. Runo* with him,) for the plaintiff.

*C. C. Milton*, for the defendant, was not called upon.

RUGG, J. The plaintiff was a carpenter with an experience of about twenty years. Although he had never before worked at tearing down a roof, it does not appear that he gave this information to the defendant when getting employment with him for the first time on the day of the accident. He was apparently hired on the footing of his experience as a journeyman carpenter, and set at work in tearing the boards off the roof of a building, which was being demolished to make way for a new structure. He was given an iron bar and told to rip off the boards and to

throw them in a certain place, and then to take down the rafters. After loosening a considerable number of boards and while trying to lay across the rafters some boards, upon which to walk while carrying the rest to the place of deposit, one of the rafters broke, and he received injuries, for which he seeks compensation in this action. The place where the rafter broke was exposed by the loosening of the boards by other workmen who had preceded the plaintiff in the service, but it was open to sight, and as the plaintiff progressed in his work more and more of several rafters became exposed to view. The rafters were painted on the sides and bottom, so that the natural wood could be seen only as the boards were taken off from the top. Examination after the accident revealed the fact that the rafter, which broke, and whose dimensions were two inches wide by seven inches thick, was rotten for a length of eight inches to a foot, and for a depth of about one and a half or two inches. The defendant built the roof ten or eleven years before the accident partly of old and partly of new material, and had used it as a platform in the construction of another building for about two weeks immediately before the plaintiff's employment, but made no other test to determine its strength. It did not appear that the defendant or his servants had any particular knowledge of the weakness of the rafter, and the plaintiff was given no warning respecting it, other than that which might be inferred from being put at work in tearing down an old roof.

1. The verdict for the defendant was rightly directed. The plaintiff was an experienced carpenter. As such he was charged with knowledge of the ordinary attributes of wood and timber and the usual characteristics of roofs. He knew or ought to have known, as well as any one, that rafters are liable to decay with age and possible exposure to moisture. The breaking of a board or rafter was one of the common risks of the employment. In the absence of knowledge on the part of the defendant or his agents, of the particular weakness which caused the harm, no warning could have conveyed to the plaintiff any information beyond that which as a journeyman carpenter he already possessed. He neither asked for nor received any special instruction as to how to perform his work. He was left to do it in his own way. He testified that the upper surface of the rafter, which

broke, was open and exposed to view, and he could see it.   The decayed place, although perhaps not discernible to the eye, was as obvious to him as to anybody, and its nature could be as easily understood by him as by any one.   The necessity of inspection to assure himself of the strength of his footing was one, which bore upon him, with the opportunity before him, at least as hard as upon his absent employer.   A roof in process of destruction is not a place where permanent and firm conditions prevail, but where decay and disintegration are to be apprehended, and reasonable precautions to avoid peril must be taken by the workmen from time to time with the shifting state of the operations. The risk of a breaking piece of wood and the duty of avoiding danger from such a cause must be held to have been assumed by the plaintiff when he entered the employment. *Sampson* v. *Holbrook,* 192 Mass. 421.   *Lavelle* v. *Dunn-Green Leather Co.* 194 Mass. 294.   *Beique* v. *Hosmer,* 169 Mass. 541. *Gillette* v. *General Electric Co.* 187 Mass. 1.

2.  It is perhaps enough to say, as to all the exceptions saved to the exclusion of interrogatories, that the plaintiff, having made no offer of proof, does not show that he has suffered any injury. *Cook* v. *Enterprise Transportation Co.* 197 Mass. 7.   But if all assumptions be made in his favor in this regard, his exceptions cannot be sustained.   During the examination in chief of the defendant, who was called as a witness by the plaintiff, he was asked in what way he "could test a building of this general character before" taking it down.   Upon objection being made, the judge ruled saying, "for the present I will exclude the question."   It does not appear that at this stage of the case any evidence of the breaking of the rafter had been introduced, and the ruling may have been merely a discretionary direction of the conduct of the trial, and therefore not open to exception.   But the next question put was in substance the same, and was allowed to be answered.   On this account the plaintiff does not show that he suffered any harm by the earlier ruling.   The inquiry was made of an expert witness describing the building and roof, whether he "would have reason to expect that there may have been leaks in that roof or some part of it."   It is matter of common knowledge that roofs are liable to leak, and that the natural result of water leaking through a roof is to produce decay, and

therefore it is not a proper subject for expert testimony. The roof having been fully described, the jury was as competent to draw reasonable inferences from its condition as any one. The same witness was asked whether, in his opinion, the plaintiff was "proceeding in the usual and ordinary way to do" his work. The work was on the whole simple in its character, and all the attendant conditions being shown, it was for the jury to say whether the plaintiff was using ordinary care. In passing upon this issue they were able to determine what common prudence required without the aid of opinion evidence. *Whalen* v. *Rosnosky*, 195 Mass. 545.

*Exceptions overruled.*