CORNELIUS HYDE *vs.* ABBOT ALLEN & another, trustees.

Middlesex.    November 17, 1922. — January 9, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence*, Employer's liability.

At the trial of an action against the owner of a market garden farm by an employee, a farm laborer, for personal injuries sustained when a manure pile fell upon him, alleged to have been caused by the negligence of the defendant in failing to provide him with a safe place in which to work and in failing properly to warn him of the danger of the work of which he "was ignorant and which the defendant knew or ought to have known," there was evidence that on the morning of an April 4 the plaintiff, by direction of the defendant, went to get a load of manure from a manure pile located about three quarters of a mile from the place where the direction was given, that the manure pile was from four to eleven feet high "and as long as the length of three railroad cars," that the plaintiff knew that the pile had been out all winter and that the top was frozen; that the plaintiff saw a fellow employee, who had preceded him, taking manure from a hole in the pile near the edge which was approximately three or four feet square; that the plaintiff "had looked at the bank for fear it would fall;" that "while standing about four feet from the hole at the base of the pile . . . the bank fell in upon him;" that he had had thirteen years of experience as a farm laborer and had performed "similar work at other manure piles." It did not appear that the defendant knew of the condition of the manure pile when the plaintiff was directed to go to it and get the manure, nor that there was any danger of its falling. *Held*, that

(1) The defendant owed the plaintiff no duty to warn him that the manure pile might fall nor to instruct him concerning that danger;

(2) The plaintiff by reason of his experience knew or ought to have known the risk to which he was exposed and the danger to be avoided from the falling of the frozen manure pile;

(3) A verdict for the defendant rightly was ordered.

TORT for personal injuries sustained by the plaintiff from the falling upon him of a manure pile while he was in the employ of the defendants on a market garden farm in Arlington. Writ dated September 9, 1918.

In the Superior Court the action was tried before *Sisk,* J. Material evidence is described in the opinion. Upon motion by the defendants, at the close of the plaintiff's evidence, the judge ordered a verdict in their favor; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*T. F. Murphy & H. A. Wilson,* for the plaintiff.

*E. C. Stone, J. M. Morrison & W. D. Gray,* for the defendants.

CARROLL, J. The plaintiff was injured April 4, 1918, in consequence of a large manure pile falling on him. He was in the employment of the defendants who carried on a market garden farm in Arlington. On the morning of the accident one of the defendants directed the plaintiff to get a load of manure from a manure pile which was on their farm, about three quarters of a mile from the place where the directions were given. Another employee had preceded the plaintiff and he was loading his cart when the plaintiff arrived. The manure pile was from four to eleven feet high "and as long as the length of three railroad cars." The plaintiff saw the fellow employee taking manure from a hole in the pile near the edge which was approximately three or four feet square. The plaintiff knew that the pile had been out all winter and that the top was frozen. He testified that "he had looked at the bank for fear it would fall . . . [and] that he did not intend to go into the hole as he knew it was not safe;" that "while standing about four feet from the hole at the base of the pile . . . the bank fell in upon him."

The plaintiff was an experienced farm laborer and had been employed at this work for thirteen years. He had performed all kinds of farm work, including "similar work at other manure piles." The declaration alleges that the plaintiff's injuries were caused by the negligence of the defendants, in that they failed to provide him with a safe place in which to work, and failed properly to warn him of the dangers of the work "of which the plaintiff was ignorant and which the defendants knew or ought to have known." In the Superior Court, on the defendants' motion, a verdict was directed for the defendants.

The action is at common law. The section of the workmen's compensation act providing that in an action to recover damages for personal injuries, it shall not be a defence that the employee was negligent, that the injury was caused by a fellow servant, that the employee assumed the risk of injury, is not applicable to actions to recover damages for personal injuries suffered by farm laborers. St. 1911, c. 751, Part I, §§ 2, 3 (see now G. L. c. 152, §§ 66, 67).

There was no evidence of the defendants' negligence. They did not know of the condition of the manure pile when the plaintiff was directed to go to it and get the manure. The employer gave the directions to the plaintiff when they were both at the greenhouse, three quarters of a mile away, and the existence of the hole was not known to him. He did not know of the condition in which the pile was left by reason of the work previously done on it, nor that there was any danger of its falling. There was no duty on the part of the defendants to warn the plaintiff that the manure pile might fall, or instruct him concerning this danger. He knew, or ought to have known by reason of his experience, the risk to which he was exposed and the danger to be avoided from the falling of the frozen manure pile. The case is governed by *Regan* v. *Lombard*, 181 Mass. 329, *Sampson* v. *Holbrook*, 192 Mass. 421, *Boisvert* v. *Ward*, 199 Mass. 594, *Lynch* v. *Larivee Lumber Co.* 223 Mass. 335. The verdict for the defendants was ordered rightly.

*Exceptions overruled.*