WILLIAM L. WOOD *vs.* JAMES F. SKELLEY.

Suffolk. March 6, 1907. — June 20, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Alteration of Instruments. Practice, Civil,* Conduct of trial, Exceptions. *Bills and Notes.*

Where in an action on a promissory note the plaintiff offers in evidence the note declared upon, which on its face appears to have been altered, it is the duty of the presiding judge, upon an inspection of the note and in view of the evidence already presented in regard to it, to determine whether further proof in explanation of the alterations shall be required before the instrument is admitted in evidence. Such determination is within the discretion of the presiding judge, to the proper exercise of which no exception lies.

Where in an action on a promissory note the plaintiff offers in evidence the note declared upon, which on its face appears to have been altered, if a witness already has testified that the defendant signed the note when it was in the same condition as when it was offered in evidence, it is the duty of the judge to permit it to be read and shown to the jury.

It is wholly irregular to present requests for rulings and to ask the presiding judge to pass upon them during the examination of a witness.

Exceptions to the refusal of requests for rulings which are not applicable to any evidence appearing in the bill of exceptions or are contrary to the evidence which does appear or are not applicable to any phase of the evidence, as well as those which are incorrect in law, must be overruled.

CONTRACT on the following promissory note:

" $750.00　　　　　　　　　　　　　　Dec. 9, 1903.

　　　　　　　　　one year

" On demand after ~~date~~ we promise to pay to the order of James F. Skelley Seven Hundred and Fifty Dollars at any bank in Boston.

Value received ~~without~~ interest.

No. ————————

　　　　　　　　　　　　　　　" Frederick Freeman & Co.

　　　2 18/28

" Due ——————— 44068"

Indorsed: " Waiving demand and notice
　　　　　　　James F. Skelley.
　　　　　　　Lillian M. Freeman
　　　　　　　William L. Wood."

Writ in the Municipal Court of the City of Boston dated December 14, 1904.

On appeal to the Superior Court the case was tried before *De Courcy,* J., and the trial took the course which is described in the opinion. The rulings which the defendant requested the judge to make before the note was shown to the jury were as follows:

1. There is on the face of this note a manifest alteration in the erasure of the letters " out " in the word " without "; which alteration the plaintiff is bound to explain to the court before the note can be shown to the jury.

2. There is an apparent alteration inconsistent with the terms of the written instrument, offered by the plaintiff, in the adding to or writing in above the defendant's indorsement on the back of the note the words " waiving demand and notice," and this the plaintiff is bound to explain to the court before the note can be shown to the jury.

3. On a scrutiny of the note there are evident material alter-

ations which the plaintiff must explain to the court before the note can be shown to the jury.

4. The alterations in the written instrument offered by the plaintiff are patent, and before it can be shown to the jury he must explain the same to the court.

5. The alterations on the note offered by the plaintiff being patent and visible on inspection, it is the province of the court to decide whether or not they are material and they, the alterations, must be satisfactorily explained by the plaintiff to the court before the note can be shown to the jury, otherwise judgment must be for the defendant.

The judge refused to make these rulings and allowed the note to be shown to the jury without complying with the requests.

At the close of the evidence and before argument, the defendant asked for certain rulings, among which were the following:

1. That on the whole evidence the plaintiff cannot recover and the judgment should be for the defendant.

5. If the jury believe that part of the evidence of the defendant, that the note was written "without interest," and that subsequent to its delivery to the payee the letters "out" in the word "without" were erased, interlined, or crossed out, so that the note was made to read "with interest," it, the jury, are to presume that the alterations were made by the plaintiff, or with his knowledge, and fraudulently in so far as legal fraud attaches to a wilful change of an instrument by one of the parties thereto and the plaintiff cannot recover.

9. The plaintiff can in no event recover more than the face of the note and interest from December 9, 1904.

13. The jury may also take into consideration as bearing on the good or bad faith of the plaintiff, that a considerable part of his business is the taking over of commercial paper as bearing on the probabilities of whether such alterations as appear on the note would put him on his guard as to legal infirmities in the instrument.

14. The alterations on the note offered by the plaintiff, being open and patent, the burden of proof is upon him throughout to satisfy the jury beyond a reasonable doubt that he acted in good faith and without notice of any legal infirmities in the instrument.

The judge refused to make any of these rulings and submitted the case to the jury, concluding his charge as follows :

" If you find that this note as it is now is in the same condition, and especially with reference to ' with interest' and ' waiving demand and notice,' that it was when it was delivered, then there is no defence shown with reference to material alterations, because none of course would exist. If, on the other hand, you should find upon this evidence that the note was materially altered as I have explained it, after the delivery, then the plaintiff, claiming to be the holder in due course, has the burden upon him of satisfying you that he is a holder in due course and took the note without knowledge or notice of material alterations."

The jury returned a verdict for the plaintiff in the sum of $860.02 ; and the defendant alleged exceptions.

*M. W. Breck,* for the defendant.

*A. W. Putnam & O. E. Jackson,* for the plaintiff.

RUGG, J. The plaintiff called as a witness one Freeman, a party to the note, who testified among other matters that he saw the defendant sign the note in suit, and that it was then in the same condition and read exactly the same as at the trial. Erasures and an interlineation appeared upon the face of the note, as shown in the copy. Thereupon the defendant objected to the introduction of the note in evidence, and, in the midst of the trial, asked the court to rule in substance that these were material and patent alterations in the note and that the plaintiff was bound to explain them to the court before the note could be shown to the jury. In support of his exception to a refusal to grant this request the defendant relies upon *Ives* v. *Farmers'* *Bank,* 2 Allen, 236. That case supports no such proposition. The proper practice, when a note is offered, which appears to have been altered, is for the presiding judge to determine, upon inspection and in view of the state of the evidence at the time, whether further proof in explanation of the alterations shall then be required before the instrument be admitted. His action in this respect rests upon his sound discretion, to the exercise of which no exception lies. *Ives* v. *Farmers' Bank,* 2 Allen, 236. *Ely* v. *Ely,* 6 Gray, 439. *Graham* v. *Middleby,* 185 Mass. 349. In the present case, one witness already had testified that the defendant signed the note, when it was in the same condition

when it was offered in evidence. Under these circumstances it was the duty of the judge to permit it to be read. His refusal would have been a wrong to the plaintiff. Moreover the presentation of prayers for rulings and requesting the judge to pass upon them, in the midst of the examination of a witness, were wholly irregular.

The first request for ruling presented by the defendant at the close of the evidence has not been argued. Plainly it could not have been given. There is no evidence in the bill of exceptions, to which the next request is applicable. We cannot conceive of any evidence as to which such a statement, as this request embodies, could be sound. The next request could not have been granted, for the reason that there was abundant evidence to warrant the jury in finding that the note, when signed by the defendant, was so written as to carry interest from its date.

The next request was properly refused. There was no evidence that the handling of commercial paper constituted " a considerable part of the plaintiff's business." Although he testified that he was familiar with negotiable instruments, it does not appear what his business was. There was no question but that he was on his guard as to the note, for he testified that he noticed the alterations and made inquiries about some of them and received satisfactory explanations. Without deciding whether the request did not point to a collateral issue, it is enough to say that it was not applicable to any phase of the evidence. The final prayer was properly refused because it stated the burden of proof as required of the Commonwealth in criminal cases and not that required of plaintiffs in civil actions. No exception was taken to the rulings given by the judge as to burden of proof.

*Exceptions overruled.*