ADELINE R. COMSTOCK, executrix, *vs.* WILLIAM E.
LIVINGSTON.

Middlesex.    November 14, 1911. — January 4, 1912.

Present: RUGG, C. J., HAMMOND, SHELDON, & DeCOURCY, JJ.

*Pleading, Civil,* Replication. *Practice, Civil,* Order to strike out replication, Requests
for rulings, Exceptions. *Fraud,* Evidence of intention, Fiduciary relation. *Evidence,*
Of fraud, Of intention.

In an action on a promissory note, where the defense set up in the answer was a
release under seal given by the plaintiff to the defendant, the plaintiff filed a
replication alleging in substance that the release set up in the defendant's answer
was procured from the plaintiff by fraud on the part of the defendant. The pre-
siding judge ordered that the replication should be stricken out. *Held,* that under
R. L. c. 173, §§ 31, 32, the presiding judge did not exceed his power in ordering
the replication stricken out, it being open to the plaintiff in an action at law to
prove that the release was obtained by fraud without filing a replication.

No exception lies to the refusal of the judge presiding at the trial of an action at
law to refuse to make rulings upon requests presented before the introduction
of any evidence.

In an action on a promissory note, where the only defense is a release under seal
given by the plaintiff to the defendant, and the plaintiff offers to show that the
release was procured from her by fraud on the part of the defendant, the plain-
tiff may show that she was induced to sign the release by a promise of the de-
fendant, that when his sister should die, whereby he would come into a large
property, he would pay the note held by the plaintiff, notwithstanding the
release, and that at the time the defendant made this promise he did not intend
to keep it.

In an action by an executor on a promissory note, where the only defense was a
release under seal given by the plaintiff's testatrix to the defendant and the
plaintiff contended and offered to show that the release was procured from his
testatrix by fraud on the part of the defendant, the plaintiff excepted to a rul-
ing of the presiding judge that there was no evidence that the defendant was a
trusted and confidential adviser of the plaintiff's testatrix. The only evidence
which tended to show anything beyond a business relation between the parties
coupled with great confidence of the plaintiff's testatrix in the defendant was
the testimony of one witness that the plaintiff's testatrix in the absence of the
defendant said to her, " My husband told me before he died, if I was in trouble or
needed advice to always call on [the defendant], and always to do as he told me."
There was nothing to show that this advice to the plaintiff's testatrix was known to
the defendant or that the plaintiff's testatrix ever by word or conduct gave the
defendant to understand that she relied on him for counsel in the matter of the
release or any other matter. *Held,* that the ruling of the judge was correct.

In an action by an executor on a promissory note, where the only defense is a re-
lease under seal given by the plaintiff's testatrix to the defendant and the plain-
tiff contends and offers to show that the release was procured by fraud on the
part of the defendant, the plaintiff may show, if the presiding judge makes the
preliminary findings required by R. L. c. 175, § 66, that the testatrix said to a

witness, referring to the release, that the defendant "made her think that it would be all right and she thought it would be," this being admissible only as bearing upon the influence exerted upon the mind of the plaintiff's testatrix by that which the defendant said.

Rugg, C. J. 1. This is an action of contract upon a promissory note. The answer pleaded a release under seal by the payee (the plaintiff's testatrix) to the maker (the defendant) and a general denial. Thereafter the plaintiff filed a long replication setting up various matters. The substance of it all was that the signature of the payee to the release had been procured by the fraud of the defendant, by an abuse of a relation of trust and confidence which existed between them, by weakness and feebleness of the payee and her inability to withstand the maker's persuasion, and that the release was executed in reliance upon a promise by the defendant to pay the note upon the happening of an event in the future, which event has happened, and a demand and refusal, and also a further promise by the defendant to pay in return for a delay in asserting this obligation. The replication was stricken out by order of the court.* It is sought to sustain exception to this action on the strength of R. L. c. 173, §§ 31, 32, which allow a plaintiff to reply to a defense set up in the answer "any facts which would in equity avoid such defence or which would entitle the plaintiff to be absolutely and unconditionally relieved in equity against such defence." This language means such a state of facts as in equity and not at law would entitle a party to relief. It has no application to a case where the facts alleged afford as full relief in the action at law and as they would in equity. No special equitable relief was asked for in the replication, and the facts stated therein do not appear to warrant the asking of any. So far as they relate to the cause of action set up in the declaration, they were as competent in favor of the plaintiff without a replication as with it. *Twomey* v. *Linnehan*, 161 Mass. 91, 94. *Corbett* v. *Craven*, 196 Mass. 319. So far as they refer to another cause of action they are not the proper subject matter for a replication. Ordinarily, no further pleadings are required after the answer in an action at law except upon motion of the defendant, and the court did not exceed

---

* In the Superior Court the case was tried before *Hardy, J.*, who at the close of the plaintiff's case ordered a verdict for the defendant. The plaintiff alleged exceptions.

its power in ordering this replication stricken out. *Lyon* v. *Manning*, 133 Mass. 439.

2. The plaintiff presented certain requests for rulings before the introduction of any evidence. They were refused rightly, for such practice is wholly irregular. *Wood* v. *Skelley*, 196 Mass. 114, 118. The soundness and applicability of the requests need not be considered.

3. The plaintiff offered to prove, in substance, that there were relations of trust and confidence between the maker and payee, and that the latter was weak and feeble and liable to be easily persuaded, and that with knowledge of these infirmities the defendant induced the signing of the release by promising her that when his sister, a Mrs. George, should die, whereby he would come into possession of a large property, he then would pay the note, at the time intending not to keep the promise. We construe the ruling of the Superior Court to mean that evidence respecting all these matters was competent, except that of the promise to pay the note out of such moneys as he might receive from Mrs. George and of his intent not to keep that promise. It is to be noted that the question here raised is whether the execution of the release, upon which defense to the action is based, was induced by the fraud or misrepresentation of the defendant. It is not an action for deceit. See *Derry* v. *Peek*, 14 App. Cas. 337, 360 ; *Nash* v. *Minnesota Title Ins. & Trust Co.* 163 Mass. 574. The defendant is liable upon the note unless he is relieved by the release. The question upon this branch of the case is whether the evidence proffered and excluded was sufficient to warrant a finding that the execution of the release was procured by the misrepresentation or fraud of the defendant. In several cases it has been said that a representation of the existence of a present intent to do an act in the future, when such intent does not exist and the maker of the representation knows it does not exist, is a misrepresentation of a material fact. This question was not decided in *Commonwealth* v. *Althause*, 207 Mass. 32, 47, 48, for that was an indictment where the procurement of property by false pretenses was involved. But the authorities there reviewed in detail, with ample excerpts from opinions, which it is not necessary to repeat here, establish the fraudulent character of such representations. *Commonwealth* v. *Walker*, 108 Mass. 309, 312.

*Edgington* v. *Fitzmaurice*, 24 Ch. D. 459. *Swift* v. *Rounds*, 19 R. I. 527. *Commonwealth* v. *Eastman*, 1 Cush. 189, 221. It has been held frequently that the purchase of goods with the preconceived intent not to pay for them is such a fraud upon the vendor as enables him to avoid the contract. *Watson* v. *Silsby*, 166 Mass. 57, and cases cited. *McCusker* v. *Geiger*, 195 Mass. 46, 54. There is no distinction in principle between these cases and the case at bar. The procurement of the execution of a release, which if binding relieves the person to whom it runs of onerous financial obligation, by the making of promises which the promisor then intends not to perform, is as distinctly a fraud upon the promisee as is the purchase of goods with the purpose not to pay for them upon a vendor of chattels. The existence of such an intent under the circumstances here disclosed may be difficult of proof. But if it is established by evidence, it should be given its legal effect of abrogating the effect of the release, provided the payee of the note was misled into signing the release in reliance upon the false promise of the defendant to pay the note, notwithstanding the release, out of the property he might receive from the estate of Mrs. George.

4. The ruling that there was not evidence sufficient to show that the defendant was a trusted and confidential adviser of the payee of the note was correct. Mere respect for the judgment of another or trust in his character is not enough to constitute such a relation. There must be such circumstances as indicate a just foundation for a belief that in giving advice or presenting arguments one is acting not in his own behalf, but in the interests of the other party. If the relation is a business one, the existence of the mutual respect and confidence does not make it fiduciary. The only evidence which goes beyond mere business relations coupled with great confidence was the testimony of a single witness that the plaintiff's testatrix in the absence of the defendant said to her, " My husband told me before he died, if I was in trouble or needed advice to always call on William E. Livingstone [the defendant], and always to do as he told me." But there was nothing to show that this admonition was known to the defendant or that the deceased ever by word or conduct gave the defendant to understand that she relied on him for counsel in this or any other matter.

5. If at the new trial there is any evidence of fraudulent representations by the defendant, then the testimony of the witness, Adeline R. Comstock, that the testatrix said to her respecting the release that the defendant " made her think it would be all right and she thought it would be " will be admissible (provided the court makes the preliminary finding of fact required by R. L. c. 175, § 66) solely as bearing upon the influence exerted upon the mind of the testatrix by that which the defendant said. *Knight* v. *Peacock*, 116 Mass. 362.    *Toole* v. *Crafts*, 193 Mass. 110, 112.

*Exceptions sustained.*

*W. H. Bent*, for the plaintiff.
*F. N. Wier*, (*L. T. Trull* with him,) for the defendant.