DAVID W. NOYES & another vs. WILLIAM H. MEHARRY & another.

Suffolk.   November 14, 1912. — February 25, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Deceit.   Theatre.   Evidence, Materiality.*

In an action for alleged false and fraudulent representations in regard to the net profits from the business of a moving picture theatre whereby the plaintiff was induced to purchase the business, if there is evidence that the defendant told the plaintiff that the net profits of the business were about $1,000 a month and displayed to the plaintiff books which showed nearly that amount of profit, which books, although called for by the plaintiff, the defendant failed to produce at the trial, that while the negotiations for the purchase were in progress the defendant for the purpose of influencing the plaintiff procured a fictitious attendance at the theatre through an extensive distribution of free tickets, and that the net profits were in fact very much less than $1,000 a month, the questions whether the representations made by the defendant were false and fraudulent and whether the plaintiff relied upon them are for the jury.

It is not the tendency of the law to-day to extend for the benefit of sellers the limits of immunity for false statements under the guise of trade talk.   By RUGG, C. J.

In an action for alleged false and fraudulent representations in regard to the net profits of the business of a moving picture theatre whereby the plaintiff was induced to purchase the business, it cannot be said, as matter of law, that the fullest opportunity to examine a moving picture theatre would demonstrate the truth or falsity of statements as to the net profits derived from it.

In an action for alleged false and fraudulent representations in regard to the net profits of the business of a moving picture theatre whereby the plaintiff was induced to purchase the business, where the plaintiff has introduced evidence that while the negotiations for the purchase were in progress the defendant for the purpose of influencing the plaintiff procured a fictitious attendance at the theatre through an extensive distribution of free tickets, the plaintiff may testify that immediately after the purchase the attendance at the theatre fell off, this having a tendency to show the extent of the fictitious stimulation of patronage by the defendant just before the sale.

TORT for deceit in the sale of the business and fixtures of a moving picture theatre at 147 and 149 Court Street in Boston, which the plaintiffs alleged that they on April 27, 1908, were induced to buy by false and fraudulent representations of the defendants. Amended from a bill in equity which was inserted in a common law writ dated May 20, 1908..

In the Superior Court the case was tried before *Wait*, J. The evidence is described in the opinion. At the close of the evidence

the defendants asked the judge to rule that the plaintiffs were not entitled to recover. The judge refused to make this ruling, and submitted the case to the jury, who returned a verdict for the plaintiffs in the sum of $4,323.09. The defendants alleged exceptions to the refusal of the ruling requested by them, and other exceptions relating to the admission and exclusion of evidence, which are described in the opinion.

Leo Grover, mentioned in the opinion, was the son of one of the defendants and was called by the defendants as a witness. He testified that he was employed in the theatre for about one year and that after the sale of the theatre he remained in the employ of the plaintiffs until the theatre was closed. He was asked on his direct examination the question, "How were the shows as compared with the shows run there before they [the plaintiffs] took the theatre?" The plaintiffs objected to the question, and the witness answered, "Why, very poor, in my estimation." The judge ordered that the question and answer should be stricken out, and the defendants excepted.

*T. J. Shea,* for the defendants.

*C. T. Cottrell,* for the plaintiffs.

RUGG, C. J. This is an action for deceit in the sale of a theatre. The defendants' first contention is that a verdict should have been directed in their favor. There was evidence tending to show that one of the defendants told the plaintiffs that the net profits from the business were about $1,000 per month, and that books represented to be books of account of this business were displayed to the plaintiffs, which showed nearly that amount of profit. These books, although called for by the plaintiffs, were not produced by the defendants at the trial, and it well might have been found that faint efforts to that end had been made by the defendants. There was evidence also that while negotiations for the purchase were in progress, a fictitious attendance at the theatre for the purpose of influencing the plaintiffs was procured by the defendants through a somewhat extensive gratuitous distribution of admission tickets. One of the defendants testified to figures of receipts and expenditures and profits from which it might have been found that the net profits were very much less than $1,000 per month. It is not necessary to narrate the evidence more in detail. It is plain that enough has been recited to support a finding of

fraudulent misrepresentations by the defendants. It is not the spirit of the law of to-day to extend for the benefit of sellers the limits of immunity for false statements under the guise of trade talk. *Mabardy* v. *McHugh*, 202 Mass. 148.

The question whether the plaintiffs relied upon the representations of the defendants or upon their own investigations was for the jury. It cannot be said, as matter of law, that the fullest opportunity to examine a moving picture theatre would demonstrate the truth or falsity of statements as to its net profits. Upon this point the case is well within established principles and adjudications of this court. *Thomson* v. *Pentecost*, 206 Mass. 505, 511. *Townsend* v. *Niles*, 210 Mass. 524, 530.

No error is shown in the rulings respecting the admission of evidence. The natural conditions affecting attendance at theatres of this sort were similar enough to render competent the testimony of one of the plaintiffs as to the falling off immediately after the purchase. It bore directly upon the degree of fictitious stimulation of patronage by the defendants just before the sale. The defendants do not show that they have been harmed by the exclusion of testimony as to receipts before January, 1908, because no offer of proof was made. *Cook* v. *Enterprise Transportation Co.* 197 Mass. 7. But beyond that the judge may have thought it too remote, and it was before the defendant Meharry was interested in the theatre and while its ownership was different. Hence it did not relate to the misrepresentation in issue.

The judge may have found that the witness, Leo Grover, was not an expert, and on that ground not qualified to give testimony as to the character of the shows presented by the defendants. Moreover, what he thought about them was of no consequence.

The other exception in regard to evidence has not been argued, and might be treated as waived. But it is too plain for discussion that the ruling was right.

*Exceptions overruled.*