## Louis Anastas & others *vs.* George Koliopoulos.

Middlesex.    October 19, 1915. — November 24, 1915.

Present: Rugg, C. J., Loring, Crosby, Pierce, & Carroll, JJ.

*Deceit. Estoppel. Practice, Civil,* Requests for rulings. *Evidence,* Relevancy, Competency, Of state of mind.

If, at the trial of an action for deceit practiced upon three men by the defendant in falsely representing to them, in order to induce a purchase by them of his fruit and confectionery business, that he was doing a business of $150 a week and that he owned a soda fountain which was on the premises, there is evidence that the plaintiffs ran the store for two or three days before completing the purchase, it cannot be ruled as a matter of law that that fact precluded them from recovering, it being a question for the jury whether they relied on their own investigations of the business or on the defendant's representations.

Where at the trial of the same action there was evidence that an agreement for the sale was signed by only two of the plaintiffs, that they afterwards discovered that the agreement, which was in a language not understood by them, required a payment in cash impossible for them to make, that, upon their so stating to the defendant, he advised them to get a third partner, making the false representations to them to be repeated to such person as they should get, it cannot be

ruled as a matter of law that "if any of the plaintiffs were not parties to the original agreement with the defendant, such plaintiffs cannot recover."

In the same action it could not be ruled as a matter of law that the fact that the plaintiffs did not do as much business in the store as the defendant said that he had done was not evidence of fraud on the part of the defendant.

In the same action evidence of the amount of business done each day by the plaintiffs, determined by counting the money in the cash drawer, was held to have been admissible.

At the trial of the same action testimony of the third partner, who was procured on the advice of the defendant by the two who signed the original agreement, to the effect that he had invested his money in the business relying on the representations of the defendant which had proved to be false, was admissible as showing his state of mind in relying on the defendant's false representations.

TORT for deceit in the sale to the plaintiffs by the defendant of a fruit and confectionery business. Writ dated June 6, 1913.

In the Superior Court the case was tried before *Hitchcock,* J. The material evidence is described in the opinion.

At the close of the evidence, the defendant asked for the following rulings:

"3. The fact that the plaintiffs ran the store for two or three days before completing the purchase and signing the mortgage precludes them from recovering.

"4. If any of the plaintiffs were not parties to the original agreement with the defendant, such plaintiffs cannot recover."

"9. The fact that the plaintiffs did not do as much business in the store as the defendant claimed to have done is not evidence of fraud on the part of the defendant."

The rulings were refused by the judge. The jury answered the special question submitted to them and described in the opinion and found for the plaintiffs in the sum of $1,000. The defendant alleged exceptions.

*J. W. Milne,* for the defendant.

*J. P. Driscoll,* (*H. Hogan* with him,) for the plaintiffs.

CARROLL, J. This is an action of tort for deceit in the sale of the defendant's business. The defendant represented to the plaintiffs that he was doing a business of $150 a week and was the owner of the soda fountain on the premises. The jury found, in answer to questions submitted to them: First, that the defendant falsely represented to the plaintiffs, as an inducement to them to purchase the store and business, that he was doing a business of $150 a week at the store; second, that the defendant falsely represented

to the plaintiffs as an inducement to purchase from the defendant the store and business, that he was the owner of and had good right to sell the soda fountain.

The plaintiffs testified that shortly after they took possession the defendant informed them there was a balance of $300 due on the soda fountain and they would have to pay that amount before the fountain would belong to them. When they discovered that the store was not doing a business of $150 a week, they reported the fact to the defendant and were asked by him to stay two weeks longer, so that he could induce some one to purchase the store and he then would return their money. The time was extended on two or more occasions, until May 25, 1913, when they turned over the premises to the defendant, telling him they repudiated the contract on account of his false representations.

The plaintiffs took possession of the store April 1, 1913. At this time a written memorandum of the sale was signed by the plaintiffs Louis Anastas and Philip Theodosis, and both testified they were informed by the defendant and believed it was a memorandum of their oral agreement with him (see *Peaslee* v. *Peaslee*, 147 Mass. 171); they could not read the agreement, which was in English, and it was not interpreted to them. This agreement stated there was an unpaid balance on the soda fountain, that $500 was paid on the contract and $445 was to be paid on or before April 7, 1913, the balance, $900, was to be secured by mortgage. The two plaintiffs then stated to the defendant it would be impossible for them to pay $445 on April 7, 1913, and the defendant advised them "to go and get some one else to go into partnership with them and in that way raise the money." Thereupon they entered into partnership with the plaintiff Nicholas, and on April 3, 1913, the bill of sale was delivered to the plaintiffs and a mortgage was given to the defendant. There was a verdict for the plaintiffs.

The third ruling asked for by the defendant could not have been given. It was a question of fact, and not of law, whether the plaintiffs relied on their own investigation of the business or upon the representation of the defendant. *Townsend* v. *Niles*, 210 Mass. 524. *Thomson* v. *Pentecost*, 206 Mass. 505. *Noyes* v. *Meharry*, 213 Mass. 598.

The fourth request of the defendant was properly refused. It

was for the jury to decide whether the misrepresentations made by the defendant were intended to influence the action of the plaintiffs, including Nicholas, and to induce them to make the purchase, especially when the defendant advised Anastas and Theodosis to secure a partner so that the payment of $445 on April 7 might be paid to the defendant; the representations of the defendant being made to them, to be repeated to Nicholas, as an inducement to him to become a member of the firm. Nicholas testified he would not have made the purchase if he had known that $300 were due on the soda fountain and that the income from the business was less than $150 a week. *Pilmore v. Hood,* 5 Bing. (N. C.) 97. *Stony Creek Woolen Co. v. Smalley,* 111 Mich. 321.

There was no error in refusing the ninth request. *Noyes v. Meharry,* 213 Mass. 598. · *Commonwealth v. Clancy,* 187 Mass. 191, 194.

One of the plaintiffs testified as to the amount of business done each day, it being determined by counting the money in the cash drawer. This evidence was admissible. *Commonwealth v. Clancy, supra.* The evidence of Nicholas that he put his money into the business, relying on the representations that it was worth $150 a week, and that the soda fountain was owned by the defendant, was admissible as showing his state of mind in relying on the defendant's representations. *Toole v. Crafts,* 193 Mass. 110. *Comstock v. Livingston,* 210 Mass. 581.

*Exceptions overruled.*