WILLIAM H. WRIGHT *vs.* IDA S. GRAUSTEIN & trustees.

Suffolk. November 15, 1917. — January 2, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Abatement. *Jurisdiction. Venue. Trustee Process. Municipal Court of the City of Boston.*

A motion by a plaintiff in an action at law "to overrule" an answer in abatement filed by the defendant is irregular. The proper procedure is to have the case set down for hearing on the answer in abatement.

On a hearing upon an answer in abatement, where the plaintiff does not admit the facts stated in such answer, the defendant must prove the allegations in the ordinary way, and it is error for a trial judge to sustain an answer in abatement

upon a mere offer of proof by the defendant, treating it as the equivalent of evidence.

In an action of contract brought in the Municipal Court of the City of Boston by trustee process, where the writ and declaration show that the plaintiff is a resident of another State and the defendant is a resident of Cambridge and that the only party giving jurisdiction to the court is one of two corporations summoned as trustees, whose usual place of business is in Boston, it is no ground for the abatement of the writ that this trustee, whose residence gives jurisdiction, has no effects or credits of the defendant in its hands, if the plaintiff inserted its name in the writ and caused it to be summoned as trustee in good faith.

In the case stated above it was *said* that, if it had appeared that the insertion of the name of that trustee in the writ was merely colorable for the purpose of appearing to confer jurisdiction upon the Municipal Court of the City of Boston, the defendant upon seasonably raising that point would have been protected.

Under St. 1912, c. 649, § 9, as amended by St. 1914, c. 35, § 4, there is no limitation upon the kind of question of law which may come to this court by an appeal from an order of the Appellate Division of the Municipal Court of the City of Boston.

CONTRACT by William H. Wright of Westminster in the county of Windham in the State of Vermont against Ida S. Graustein of Cambridge, the Charlestown Trust Company, a corporation established under the laws of this Commonwealth and having a usual place of business in Boston, and the Westminster National Bank, a corporation established under the laws of the United States and having a usual place of business at Gardner in the county of Worcester, being summoned as trustees. Writ in the Municipal Court of the City of Boston dated October 5, 1916.

The defendant filed the following answer in abatement: "Now comes the defendant in the above cause of action and says that she is a resident of Cambridge, Massachusetts, Middlesex County; that she has no money and never has deposited any in the Charlestown Trust Company, alleged trustee, nor has she ever had any business transactions with the Charlestown Trust Company."

The plaintiff filed a motion to overrule the defendant's answer in abatement. The hearing upon the motion is described in the opinion. The trial judge denied the motion and sustained the answer in abatement. At the request of the plaintiff the judge reported his decision to the Appellate Division.

The Appellate Division ordered that the order sustaining the answer in abatement be vacated and that the answer in abatement be overruled. The defendant appealed.

*W. A. Graustein*, for the defendant.

*F. W. Campbell*, for the plaintiff.

Rugg, C. J. This is an action of contract commenced by trustee process in the Municipal Court of the City of Boston. Neither the plaintiff nor the principal defendant are alleged in the writ to reside within the jurisdiction of that court, but the Charlestown Trust Company, one of the corporations named as trustee, is alleged to have its usual place of business within the jurisdiction of that court. The principal defendant filed an answer in abatement, averring in substance that she has no money on deposit with the Charlestown Trust Company and has never had any business transactions with it, and calling attention to the fact that on the allegations of the writ the plaintiff was a resident of Westminster in the State of Vermont, and the defendant, of Cambridge in this Commonwealth, and praying that the writ abate. This was described rightly as an answer in abatement. *Young* v. *Providence & Stonington Steamship Co.* 150 Mass. 550, 554.

The plaintiff filed a motion to overrule "the defendant's answer in abatement." This was irregular. All that was necessary was to set the case down for hearing on the answer in abatement. *Comstock* v. *Livingston*, 210 Mass. 581.

On the hearing upon the matter in abatement "no witnesses were sworn, and no evidence was offered in behalf of the defendant. The defendant appeared by her husband, who offered to prove to the court that the defendant did not then have, and never had, any money deposited in the Charlestown Trust Company, nor had she ever had any business transactions with the Charlestown Trust Company. The defendant made no further offer of proof." Thereupon the court sustained the answer in abatement. This was error. The plaintiff does not appear to have consented to this course of procedure, nor to have agreed that the facts stated in the offer of proof were true or might be regarded by the court as the equivalent of evidence. The plaintiff had a right to have the witnesses called and to cross-examine them if he desired. There is nothing to show that he waived that right. This is quite different from an offer of what a party expects to prove when on objection his questions to a witness are excluded. *Cook* v. *Enterprise Transportation Co.* 197 Mass. 7, 10. *Hallwood Cash Register Co.* v. *Prouty*, 196 Mass. 313, 315.

If, however, the facts stated in the offer be taken as true, then the order was wrong as matter of law. There is nothing in the record to show that the plaintiff inserted the name of the Charlestown Trust Company as trustee in bad faith having no reason to believe that it had in its hands goods, effects or credits of the principal defendant, or that the insertion of the name of that trustee was simply colorable for the purpose of appearing on the face of the writ to confer jurisdiction upon the Municipal Court of the City of Boston. Doubtless, if it were found as a fact that the joinder of the trustee was fraudulent or colorable and simply for the purpose of obtaining jurisdiction, the defendant upon seasonably raising the point would be protected. *Wecker* v. *National Enameling & Stamping Co.* 204 U. S. 176. *Chesapeake & Ohio Railway* v. *Cockrell*, 232 U. S. 146, 152. The offer of proof did not include any element of that character.

The mere fact that one named as trustee is discharged, when the only ground for jurisdiction of the court is the residence of one named as trustee, does not deprive the court of jurisdiction provided service has been made upon the principal defendant such as would be sufficient in a common writ. The bald circumstance, that the court would not have had jurisdiction if no trustee had been named, does not deprive a court of a jurisdiction acquired solely by reason of the insertion in the writ of one as trustee who subsequently is discharged as trustee. That precise point was decided in *Belknap* v. *Gibbens*, 13 Met. 471, 475, when the statute was substantially the same as now. *Lucas* v. *Nichols*, 5 Gray, 309. *Raymond* v. *Butterworth*, 139 Mass. 471. It was said by Chief Justice Shaw in *Brown* v. *Webber*, 6 Cush. 560, 569, 570: "the county in which a writ is to be returned is fixed by the place of a trustee or trustees named in the writ, and will not be changed by the fact that the trustees are afterwards discharged. It also follows, that if neither plaintiff nor defendant lives in the county where the writ is returned, or in a county where a trustee named in the writ lives, and though such trustee is discharged, the suit is rightly brought in such county, and may, after the discharge of the trustee, be prosecuted against the principal defendant, if such service has been made on him as would be legal, if the suit have been commenced by a common writ."

Although questions of law arising on answers in abatement

formerly could not be brought here from the Superior Court, that now has been changed, *Potter* v. *Lapointe Machine Tool Co.* 201 Mass. 557, 559, and there is no limitation on the kind of question of law which may come here from the Municipal Court of the City of Boston. St. 1912, c. 649, § 9, as amended by St. 1914, c. 35, § 4.

The result is that the answer in abatement set forth no ground in law for the abatement of the proceeding. The order of the Appellate Division was right and is

*Affirmed.*