ALBERT JUSSEAUME *vs.* HORMIDAS VOGHEL.

HORMIDAS VOGHEL *vs.* ALBERT JUSSEAUME.

Bristol.    October 25, 1926. — January 4, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence*, Relevancy and materiality, Remoteness.

At the trial together of an action of contract by a vendor against the
vendee of a store for the purchase price, and of a cross action of tort for
deceit in procuring the sale, the representation alleged by the vendee
to have been made by the vendor and to have been false was that the
vendor, during less than three weeks while he was owner of the store,
had done in the store a business of between $800 and $900 a week.
It appeared that the vendor had purchased the store sixteen days
before his sale to the vendee.  The vendor admitted that the repre-
sentation had been made and introduced evidence to prove its truth.
The vendee introduced evidence tending to show that, during a period
following his purchase, business in the store amounted only to between
$300 and $400 per week.  Subject to exception by the vendee, the
vendor in rebuttal was permitted to introduce evidence to show that
the weekly sales, made in the store by the person from whom the
vendor had purchased the store for a period of four weeks previous to
the purchase of the store by the vendor, were in excess of the amount
which the vendor represented to the vendee he had made.  *Held*, that
    (1) The evidence excepted to was relevant;
    (2) Whether the evidence was too remote was to be determined
by the trial judge in the exercise of his sound discretion, and no abuse
of that discretion was shown.

CONTRACT for the purchase price of a store.  Writ dated
July 30, 1924.  Also, a cross action of

TORT for deceit in procuring the sale.  Writ dated August
11, 1924.

In the Superior Court, the actions were tried together
before *Raymond*, J.  Material evidence and exceptions by
the defendant are described in the opinion.  There was a
verdict for the plaintiff in the first action in the sum of
$2,413, and for the defendant in the second action.  Voghel
alleged exceptions.

*E. L. Marchant*, for Voghel.

No argument nor brief for Jusseaume.

CROSBY, J.   The first action is in contract, and is brought to recover the balance of the purchase price of a store sold by the plaintiff to the defendant.   The second is a cross action for deceit in the sale of the store.   The presiding judge submitted the following question to the jury: "Was deceit practised by the seller upon the buyer?"   The jury answered in the negative.   By order of the judge and agreement of counsel a verdict was directed for the plaintiff in the first action for the sum of $2,413, the balance due on the contract price, with interest.   This agreement was made subject to the rights of the parties to their exceptions taken during the trial.   The judge directed a verdict for the defendant in the second action.

The plaintiff in the first action will hereafter be referred to as the plaintiff, and the defendant in that action as the defendant.   The plaintiff purchased the store on July 3, 1924, from one Kubiak, and sold it to the defendant on July 19, 1924.   The false representation relied on by the defendant was that, before the sale, the plaintiff told him he had been doing an amount of business in the store of between $800 and $900 a week during his ownership, which continued less than three weeks.   The plaintiff admitted that he made the representation and offered evidence tending to show that it was true.   The defendant introduced evidence tending to show that during a period of four or five weeks after he purchased the store the business amounted to between $300 and $400 a week.   In rebuttal the plaintiff, subject to the defendant's exception, was allowed to introduce testimony to show that the weekly sales in the store made by Kubiak for a period of four weeks previous to the sale to the plaintiff were in excess of the amount which the plaintiff represented to the defendant he had made.   This evidence in rebuttal was relevant to meet the evidence of the defendant.   It had some tendency to show that the plaintiff's weekly sales had not fallen to less than one half the amount received during the four weeks immediately preceding the time when he purchased and conducted the business.   Whether it was too remote was to be determined by the trial judge in the exercise of a sound judicial discretion.   As

it related to the four weeks immediately preceding the ownership of the store by the plaintiff, it cannot be said that the discretion of the judge in admitting the evidence was wrongly exercised.  See *Noyes* v. *Meharry,* 213 Mass. 598.

The exceptions in each case are overruled.

*So ordered.*