ARCHIE PICARD *vs.* HUGH ALLAN.

Middlesex.    November 6, 1933. — December 28, 1933.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Deceit.    Evidence,* Relevancy and materiality, Of damage.

At the trial of an action for deceit in connection with the sale of an automobile repair shop by the defendant to the plaintiff, there was evidence that, in the negotiations for the sale, the defendant told the plaintiff that he had the service work from a certain automobile dealer, which was "a whole lot to me here," the income from the dealer and from other sources being approximately certain sums weekly, that one half of the price which he was asking for the shop was represented by the tools in the shop and that the other half was represented by the service work from the dealer; that the dealer, who had a service shop of his own, never had sent the defendant any work; and that in the first weeks in which the plaintiff conducted the shop he did not get any work from the dealer and the amount of his receipts was substantially less than that stated by the defendant. There was no evidence that previous to the sale the plaintiff had any knowledge of the defendant's business or means of obtaining knowledge except from the defendant. *Held*, that

(1) A finding was warranted that the plaintiff relied upon representations by the defendant which proved to be false, and was induced by them to purchase the shop;

(2) The plaintiff was entitled to rely upon the representations and was not bound to make inquiry as to the extent of the defendant's business;

(3) The representations were not mere seller's talk;

(4) A verdict for the plaintiff was warranted;

(5) Evidence respecting the cost for labor, parts and tools was admissible upon the issue of damages.

CONTRACT OR TORT.   Writ dated October 23, 1929.

The action was tried in the Superior Court before *Morton,* J.   Material evidence is stated in the opinion.   The judge ordered a verdict for the defendant.   The plaintiff alleged exceptions.

The case was submitted on briefs.

*E. Brams, F. Ramacorti, & J. W. Vaughan,* for the plaintiff.

*R. W. Frost & M. B. Breath,* for the defendant.

CROSBY, J.   This is an action to recover damages for alleged fraud and misrepresentation in the sale of an automobile repair shop.   The declaration is in two counts, one in contract, the other in tort.   The case was tried in the Superior Court, and at the close of the evidence the defendant moved in writing that a verdict be directed in his favor. The motion was allowed, and the plaintiff excepted.

The plaintiff testified that he saw an advertisement in a newspaper and went to a broker, who gave him a card and sent him to the defendant; that the defendant told him he wanted $2,000 for the service station; that the plaintiff asked him "What have you got for $2,000," and the defendant replied that he had a lot of tools, and a service station; that the plaintiff said, "What is that," and the defendant answered, "The Cambridge Nash Service.   We service the Nash car"; that the plaintiff inquired what else he had and the defendant said, "Well, that is about all I have got, the Nash service is a whole lot to me here." The plaintiff further testified that during the conversation the defendant told him that he was getting the work from the Cambridge Nash, the income therefrom being about $300 a week, and work on other cars outside of that would probably be $150 or $200 a week, that he valued the tools at $1,000, and the other $1,000 was represented by "the service I get from the Nash."   The plaintiff further testified that during the first weeks he conducted the shop he took in about $400, and during the first two weeks he did not receive any business from the Cambridge Nash Corporation; that fifteen days after the sale the defendant came to the shop and the plaintiff said to him, "You told

me you were getting the work from the Cambridge Nash averaging $300 a week and I didn't get five cents' worth of it," to which the defendant replied, "Well, I always did their work"; that the plaintiff further told him he had been to the Cambridge Nash Corporation and made inquiry and was there told that the company never sent the defendant any work, that it had a repair shop of its own; that the defendant then asked, "Well, what do you want me to do?" and the plaintiff replied, "Refund my money and take your place," and the defendant said, "That is your hard luck if you got it." The plaintiff stayed in the place about nine months after that conversation.

The defendant testified that he did not tell the plaintiff he had all the repair work of the Cambridge Nash Corporation, or that the Nash car service amounted to $300 and more a week.

The plaintiff called as a witness the president and general manager of the Cambridge Nash Corporation, who testified that the company had a service station about a quarter of a mile from the shop which the plaintiff purchased of the defendant, and that in May or June before the sale to the plaintiff he talked with the defendant about his right to use the name Cambridge Nash Service, and later the defendant told him he was going to continue to maintain his sign "Cambridge Nash Service."

Upon the conflicting evidence it was a question of fact for the jury to determine whether the plaintiff was induced to make the purchase by reason of false and fraudulent representations of the defendant. He testified that he discovered the fraud at the end of the second week after he took possession of the property, and the next time he saw the defendant he demanded back the money he had paid, and asked the defendant to take back the property, which the defendant refused to do. The sale was made on October 8, 1929, and this action was brought on October 23 of the same year. If the jury believed the testimony of the plaintiff it could have been found that he was induced to purchase the property by reason of the false representations of the defendant. Upon such a finding the plaintiff is entitled

to maintain this action for damages. *Boles* v. *Merrill,* 173 Mass. 491. *Mabardy* v. *McHugh,* 202 Mass. 148, 149. *Thomson* v. *Pentecost,* 206 Mass. 505, 511. *Anastas* v. *Koliopoulos,* 222 Mass. 267.

The contention of the defendant that the plaintiff did not rely upon the alleged statements of the defendant cannot be sustained. So far as appears the plaintiff had no knowledge of the defendant's business, and no means of obtaining information concerning it except from the defendant. This is not a case where the purchaser could necessarily be found to have relied upon his own judgment in making the purchase independently of any representations of the seller. The plaintiff was not bound to make inquiry concerning the extent of the business, *Hanley Co. Inc.* v. *Whitney,* 279 Mass. 546, 555, but could rely upon the representations of the defendant which cannot be held to have been mere seller's talk. As the case should have been submitted to the jury the exception to the order directing a verdict for the defendant must be sustained.

The questions propounded to the plaintiff on his redirect examination, respecting the cost for labor, parts and tools, were excluded subject to the plaintiff's exceptions. We are of opinion that the questions were admissible upon the issue of damages, the rule of damages in the case being the difference between the actual value of the personal property in the plaintiff's possession and what that value would have been if the defendant's representations had been true. *Thomson* v. *Pentecost,* 210 Mass. 223. *Vouros* v. *Pierce,* 226 Mass. 175, 178.

*Exceptions sustained.*