Putnam, C. J.,
On March 5,1939 two automobiles collided in Scollay Square, Boston. The plaintiff was in one of them. He brought this action against the alleged owner of the other. In the writ he described the defendant as ‘ ‘ of Pawtucket in the State of Rhode Island and County of Providence”. The writ was placed in the hands of a constable who made service on the Registrar of Motor Vehicles of Massachusetts. Service was also made by registered mail on the defendant in Pawtucket. G. L. (Ter. Ed.) C. 90, secs. 3A, 3C. In his declaration, which is in two counts— one for personal injury and one for property damage — the plaintiff recites that “the defendant, his agents and servants ’ ’ did negligently operate an automobile in Boston on or about March 5, 1939, to the damage of the plaintiff.
The defendant appeared specially and filed a motion to dismiss. It did not confine itself to matter apparent on the record, but raised new issues of fact. It was improperly filed and should have been, as it was, overruled. Graustein v. Boston & Maine Railroad, Mass. Adv. Shs. (1939) 1399.
*208 .At' the same time the defendant filed a paper entitled “Defendant’s Answer, in Abatement”. In this the defendant alleges that he was not in Massachusetts on March 5, 1939, and did not operate a motor vehicle therein that day, and that no motor vehicle owned by him was operated by his agent in Massachusetts on that date, and therefore says the substituted service on the Registrar of Motor Vehicles was not a valid service and did not subject him to the jurisdiction of this court.
Thereafter the plaintiff filed a written motion- in which he said “And now comes the plaintiff and moves that the defendant’s plea (answer) in abatement maybe overruled”. This practice is irregular. Wright v. Graustein, 229 Mass. 68. The correct practice is, for either party who desires to do so, to set the answer in abatement down for trial. It will then appear upon a trial list in a session devoted to the trial of contested questions of fact. The method adopted by the plaintiff brought the matter up for hearing in the so-called motion session of this court where matters are not commonly heard on evidence and the testimony of witnesses. However, the method adopted by the plaintiff is one that has been widely used by counsel for many years, and answers and pleas in abatement have many times been heard in said motion session on evidence and the testimony of witnesses.
The plaintiff marked up his motion and counsel for both parties attended at the proper time and place. No evidence was offered by either party. Neither party requested an opportunity to call witnesses. The judge heard the matter on the statements and arguments of counsel. The docket entry reads: “July 27, 1939. Ans. in abate, heard and resv’d. Gillen J.” Manifestly the judge thought he was hearing the answer in abatement itself, and he has reported the matter as follows: “Asa consequence of the Plaintiff’s *209 marking of his — Motion to Overrule the Defendant’s Plea in Abatement — the matter came on to be heard on the Defendant’s — Plea in Abatement before me. No request was made by either side for time in which to produce witnesses. No evidence was offered by either the Plaintiff or the Defendant. After hearing, I ruled as follows — October 3,1939 Answer in abatement heard and overruled and Defendant ordered to file Answer on or before October 13, 1939 or a default to be recorded”. The defendant has filed a petition to establish his draft report in which he states the matter thus — “The Plaintiff’s — Motion to Overrule the Defendant’s Plea in Abatement (was) marked for hearing by the plaintiff, and a hearing was held on (it) before me. No evidence was offered by either counsel for the Plaintiff or counsel for the Defendant — ” This petition to establish was heard by this division and after investigation and consideration it is denied.
The judge has reported his action in overruling the answer in abatement. The marking up by the plaintiff of his irregular motion that the answer in abatement “be overruled” was notice to the defendant that on the day specified his answer in abatement would be before the court for hearing and determination, and he should have been prepared to offer such witnesses and evidence as he relied on to prove the allegations thereof. Not having been so prepared, and not having even asked for a further opportunity to produce witnesses and evidence, there was only one thing the judge could do and that was to overrule said answer. In so doing he was right.
The defendant argues that the plaintiff’s motion described above should be construed as a demurrer to the answer in abatement. We do not so construe it. It was nothing more than a convenient, though irregular, method of bringing the answer in abatement before the court.
Report dismissed.