Riley, J.
This is an notion of contract commenced by trustee writ, in which action the defendant is described as of Malden in the County of Middlesex, three trustees are described as banking corporations respectively having usual places of business in said Malden, and a fourth trustee, also a banking corporation, described as having its usual place of business in Boston, in the County of -Suffolk. The defendant duly filed an answer and set forth therein, by way of abatement, the pendency of another action by the same plaintiff against him, as defendant, specifically describing the action in detail.
At that posture the case was ready to be set down for hearing on the answer in abatement. Wright v. Graustein, *303 229 Mass. 68. However, before it was set down for a hearing, the defendant filed a motion asking that he be permitted to amend his answer already filed, by adding thereto an additional ground of abatement. This motion, after notice, was allowed 'by a judge of this court, and the case was assigned for hearing on the answer in abatement at a future date.
At said hearing, on the date assigned, witnesses were sworn and testimony adduced by the defendant tending to show the pendency of another action as set up- in the original an-s-wér; also evidence to the effect that the plaintiff’s sole purpose in joining the trustee described as of -Suffolk County, was to confer jurisdiction on thi-s court (this- last mentioned evidence being- in support of the additional ground of abatement appearing- in the defendant’s amendment to his answer.)
The trial justice made the following findings of fact:
“I find as a fact that the trustee was joined simply and -solely for the purpose of obtaining jurisdiction. I find as a fact that the plaintiff had no reasonable -cause to believe that the defendant bad any goods, effects or credits in the hands or possession of the Pilgrim Trust Company when he joined it.” and sustained the answer in abatement. He made no finding on the matter first pleaded, to wit: the pendency of another action. He acted on the plaintiff’s requests for rulings by granting request numbered 3 and by denying- those numbered 1, 2, 4, 5, 6, 7, 8 and 91.
The trial judge’s denial of requests numbered 1, 2, 4, 5 and -6 was- free from error as each of such requests was predicated on the evidence relative to the pendency of another action, upon which fact no finding- was made. Requests numbered 7 and 8, being directed to the sufficiency of the answer in abatement as matter of law, were properly denied at this hearing* upon the plea in abatement.
*304 If the plaintiff were of opinion that the defendant’s answer in abatement either did not set up a good defense as matter of law, or was insufficient as matter -of law, or ■as amended was bad for duplicity, the proper way for it to bring such issue before the court was to file a demurrer to the answer in abatement as amended within three days as provided for in Rule 13 of the Rules of this Court (-1940 Edition), after which either party might have marked the case for hearing on the demurrer. Whiton v. Balch, 203 Mass. 576. By failing to so demur and proceeding to hearing on the sufficiency of -the matter in -abatement in fact, the question of law was waived.
The testimonial evidence given -by the defendant, that he never had any goods, effects or credits in the hands or possession of the Pilgrim Trust Company; that he never had any business relations with said trust company; that he never informed the plaintiff or anyone representing the plaintiff that he had ever had business relations with said, trust company; that he never had a place of business in Suffolk County; together with -the evidence given on 'the defendant’s behalf that the plaintiff’s counsel had .stated in effect that the Pilgrim Trust Company had been joined in the action for the purpose of jurisdiction; plus the fact as stated in the report of the trial judge, “The plaintiff presented no evidence tending to controvert this testimony”, amply warranted the findings of fact made by the trial judge, and therefore the plaintiff’s 9th request was also properly denied. As there was no error in his disposition of the rulings requested by the plaintiff, it is ordered that the following entry ¡be made,—
Report dismissed.