This is an action of contract or tort in which the plaintiff seeks to recover damages for injury to his teeth caused by biting on a hard slate-like substance alleged to have been deposited in a can of soup which the plaintiff alleges was purchased from the defendant by him. The answer is a general denial and allegation of contributory negligence and one that the plaintiff is barred from maintaining his action by the provisions of G-. L. c. 106 familiarly known as the “Sales Act.” The trial judge made a finding for the plaintiff.
Neither in his brief nor in his oral ♦argument has the defendant contended that the evidence did not warrant a finding that the plaintiff was injured as alleged in his declaration by means of a substance contained in a can of soup purchased from one Anthony Balsamo who impliedly warranted the fitness of this soup to the plaintiff. Only two questions have been argued by the defendant: first, that the finding of the judge was inconsistent with his actions on *208 the defendant’s requests for rulings and, secondly, that the judge was not warranted in finding upon the evidence that the defendant was the person who sold him the can of soup in question or gave him any warranty in reference thereto. The rulings requested by the defendant are as follows:
“ (1) The evidence does not warrant a finding that the defendant sold to the plaintiff a can of soup concerned in this action. (2) The evidence does not warrant a finding that the defendant entered into a con-contract or gave warranty to the plaintiff. ’ ’
The judge dealt with these requests in the following language: “(1) I rule as requested in #1 but have found that the defendant sold to the plaintiff the can of soup concerned in this action. (2) I rule as requested in #2 but have found that the defendant entered into an implied warranty with the plaintiff. ”
In addition the court made detailed findings of fact as follows: “Upon all of the evidence I find that on March 21, 1949 the plaintiff was a customer at the defendant’s market. I find that the plaintiff requested a can of soup and that the defendant sold him a can of Campbell’s vegetable soup. I find that the defendant selected the brand and type of soup which was sold to the plaintiff.
I find that one hour later the plaintiff heated said soup in the can and then poured the soup into a bowl. I find that while the plaintiff was in the process of' consuming-said soup he bit on a hard slate-like substance about % inch long, % inch wide and about % inch thick.
I find that the plaintiff by biting on said substance was caused to have a broken tooth and a cut upon his gum and lip. I find that the gum and lip as a result of the cut became infected. I find that as a result of biting on said foreign substance it became necessary for the plaintiff to have the broken tooth and two other teeth adjoining it extracted. *209 I find that the plaintiff at the time of the incident was 55 years old.
I find that the plaintiff purchased the can of soup from the defendant, the plaintiff by implication made known to the defendant that he intended to consume said soup. I find that the plaintiff relied on the defendant in selecting* said soup. I find that when the plaintiff purchased said soup he received an implied warranty that it would be fit for human consumption. I find that because said soup contained the above described foreign substance it was not fit for human consumption, the purpose intended.
I therefore find that there was a breach of the implied warranty of fitness of said soup between the plaintiff and the defendant. I find that the breach of said implied warranty by the defendant caused injuries to the plaintiff.”
There is plainly an inconsistency between the judge’s action on these two rulings and his finding for the plaintiff. In effect he rules that said findings cannot be made as matter of law and then makes them as matter of fact. His inconsistent action may have been caused by inadvertence or by misconstruction of the word “warrant” as used in these requests. Since the decision in Bresnick v. Heath, 292 Mass. 293 at 298, the construction of this word has been before the court in many cases and as used in requests for rulings, it is construed as meaning “justify” or “permit.” While no case has been called to our attention in which the inconsistency between rulings of law and findings of fact is so marked as it is in this case, the rule seems to be that this inconsistency must be taken advantage of by a motion to correct the inconsistency or a motion for new trial and is not properly presented on a report to the Appellate Division. DiLorenzo v. Atlantic National Bank, 278 Mass. 321, 323, 324; Memishian v. Phipps, 311 Mass. 521 at 525; *210 Godfrey v. Caswell, 321 Mass. 161 at 162. It is further to be observed that the rulings in question were given at the request of the defendant and consequently he has no right to complain that they were granted. DiLorenzo v. Atlantic National Bank, 278 Mass. 321 at 323.
The defendant has argued that the judge’s findings that the defendant sold the can of soup to the plaintiff and impliedly warranted the fitness thereof to him were in effect a denial of the defendant’s first two requests for rulings although the judge stated that he gave these rulings. As the judge has reported not only his rulings and refusals to rule but also his findings, we consider the question whether the judge was warranted in finding for the plaintiff on the sole ground argued by the defendant that the evidence did not warrant a finding that he had sold the article in question to the defendant and that he gave him a warranty in reference to it. The defendant’s contention is that the plaintiff’s evidence did not sufficiently identify the defendant as the party who had the transaction with the plaintiff and he relies principally upon the cases of Hinds v. Bowen, 268 Mass. 55 and Herman v. Fine, 314 Mass. 67. It is true as stated in the latter case that bald identity of name without confirmatory facts or circumstances is not quite sufficient to prove identity of person. We think that in this case there are other facts which would warrant the judge in finding for the plaintiff on the question of identity which question apparently was not raised except as covered by the defendant’s requests for rulings. The writ ran against Anthony Balsamo d/b/a Balsamo’s Market in the City and County of Worcester and was served personally upon Anthony Balsamo by a deputy sheriff. The report shows that the plaintiff purchased a can of Campbell’s vegetable soup at Balsamo’s Market on Shrewsbury Street in the *211 City of Worcester and that the plaintiff knew and was acquainted with Anthony Balsamo who waited upon him at the time of the purchase and recommended the soup in question to him. No question of misnomer appears to have been raised in the pleadings and no questions were asked at the trial of the plaintiff in reference to the identity of Anthony Balsamo. There is something more than the identity of names. The plaintiff was acquainted with Anthony Balsamo and Balsamo’s Market on Shrewsbury Street in Worcester and some Anthony Balsamo appeared and defended this suit. We think the judge was warranted in inferring that the Anthony Balsamo conducting Balsamo’s Market was the Anthony Balsamo who is the defendant in this case. Ayers v. Rathesky, 213 Mass. 598 at 594 and cases cited; Portland Maine Publishing Co. v. Eastern Tractor Co., 289 Mass. 13, 17 and 18; Commonwealth v. Ehrlich, 308 Mass. 498, 500. See also Murphy v. Ley & Co., Inc., 210 Mass. 371 at 373.
The action of the judge upon the requests, although erroneous, in view of his findings was harmless. The decision in favor of the plaintiff seems to have been made upon findings of fact, which we cannot say were unwarranted, that justified the decision. The report, therefore, is ordered dismissed.